Nov. Term,
1858.

FLEMING
v.
THE STATE.

*J. P. Usher*, for the appellant.

---

## FLEMING *v.* THE STATE.

Indictment for arson. When the defendant was arraigned, he applied for a change of venue, which was denied. *Held*, that the ruling cannot be reviewed.

An affidavit for a continuance, not showing that the facts proposed to be proved by an absent witness could not be proved by others, is insufficient.

New trials are rarely granted to enable the defendant to obtain testimony to impeach a witness.

In a prosecution for arson, the jury may be sent out to view the building fired.

The defendant, in this case, challenged a juror for cause, and, in support of the challenge, asked him this question: "Were you not one of the *Milford* committee at the time that *Fleming* was arrested; and did you not counsel and direct that he should be kept in custody without a warrant for some ten days; and was there not an agreement between the members of that committee to indemnify each other against any prosecution that *Fleming* might institute against them for said imprisonment; and do you not consider his conviction in this case as necessary to your and your associates' protection from such prosecution?" The Court refused to permit the juror to answer, on the ground that the facts sought to be proved were irrelevant. *Held*, that this was error.

APPEAL from the *Lagrange* Circuit Court.

PERKINS, J.—*Fleming* was indicted for arson in the *Lagrange* Circuit Court, and convicted.

Nov. Term,
1858.

FLEMING
v.
THE STATE.

*Friday,
December* 3.

When he was arraigned, he applied for a change of venue, but it was denied. The ruling cannot be reviewed. He then applied for a continuance. It was refused. The affidavit did not show that the facts proposed to be proved by the absent witnesses could not be proved by others.

He applied for a new trial to obtain testimony to impeach a witness. New trials are rarely granted for such a purpose. Ind. Dig. 592.—2 Ind. R. 608.

The jury were sent out to view the building fired. This the statute authorized. 2 R. S. p. 382.

The defendant challenged a juror for cause, and, in support of the challenge, asked him, on his examination, this question: "Were you not one of the *Milford* committee at the time that *Fleming* was arrested; and did you not counsel and direct that he should be kept in custody without a warrant for some ten days; and was there not an agreement between the members of that committee to indemnify each other against any prosecution that *Fleming* might institute against them for said imprisonment; and do you not consider his conviction in this case as necessary to your and your associates' protection from such prosecution?"

The Court refused to permit the juror to answer the question, on the ground that the facts sought to be proved by the answer were irrelevant. The defendant excepted. We think the Court erred in refusing to allow the juror to answer. If the facts assumed in the question existed, they established such a relation between the juror and the defendant, as was scarcely compatible with that impartiality which should characterize a juror. Bouv. Law Dic., tit. Challenge.—2 Swan's Pr. 891.—1 Coke's Inst. 157.—1 Wat. Archb. 163, *et seq.*—U. S. Cr. Law, 611.

That a juror has formed an opinion, is one ground of challenge; that his relations or feelings toward the objecting party are such that he would not be likely to form an impartial one in the jury-box, is another.

The following may be deduced from the above-cited authorities as grounds of challenge for cause. There may, perhaps, be additional ones:

1. That the juror is interested in the pending, or a similar suit.

2. That he does not possess the statutory qualifications.

3. That he is of kin to one of the parties.

4. Personal hostility.

5. A pending lawsuit between the juror and the party.

6. That the juror is master or servant, landlord or tenant, of the opposite party, or has eaten or drank at his expense since being summoned as a juror, or has promised to find a verdict for him.

7. That he has formed or expressed an opinion in the cause, is a witness in it, or has been a juror on a former trial of it.

The causes of challenge may be proved by other witnesses, or by the challenged juror. Archb. *supra*.

*Per Curiam.*—The judgment is reversed, and the keeper of the penitentiary ordered to be notified to return the prisoner to the jail of *Lagrange* county.

*A. Ellison*, for the appellant.