*E. P. Ferris* and *H. T. Lipperd,* for appellant.

———————◇———————

## MARTIN *v.* GARVER.

NEW TRIAL.—*Newly-Discovered Evidence.—Affidavit.*—An affidavit in support of a motion for a new trial, on the ground of newly-discovered evidence, is defective, if it does not disclose the name of the witness for whose testimony the new trial is asked, or allege that the name is unknown, and show that diligence has been used to procure the evidence on the trial.

SAME.—To justify the granting of a new trial on the ground of newly-discovered evidence, it must be such as could not have been obtained on the trial, by reasonable diligence, and must not be merely cumulative or for the purpose of impeachment.

APPEAL from the Hamilton Circuit Court.

PETTIT, C. J.—Appellee brought suit in replevin for hogs against the appellant, before a justice of the peace. The defendant answered, admitting the ownership of the hogs to be in the plaintiff, and the possession of them by himself, but justifying the possession as marshal under an ordinance of the town of Noblesville in relation to swine running at large, and providing how they might be taken up, impounded, and sold, and how they might be delivered to the owner if he lived one-half mile from the corporate limits; etc.

There was a trial by the justice, and judgment for the plaintiff. Appeal to the circuit court, and trial by the court without a jury, with the same result. Motion for a new trial, for the reasons:

"First. The decision is contrary to law.

"Second. The decision is not sustained by sufficient evidence.

"Third. On account of surprise in the evidence of plaintiff which ordinary prudence could not have guarded against.

"Fourth. For newly-discovered evidence, material to the defendant, which he could not with reasonable diligence have discovered and produced on the trial.

"Fifth. For errors of law committed by the court during the trial."

With this motion, the affidavits of the defendant and his attorney were filed as to newly-discovered evidence, but the witness by whom the newly-discovered evidence could be given is not named, nor his affidavit procured, though he was a tenant of the plaintiff and lived within half a mile of the place of trial, and was the keeper of the hogs; nor is it shown that any attempt was made to get his evidence on the trial, but only that what he would swear to was not known to the defendant till after the trial, and that this unnamed witness would swear that the plaintiff allowed his hogs to run at large. If this evidence had been given, it ought not to have changed the finding and judgment; but the affidavits are utterly defective, in not showing the name of the witness, or that it was unknown, and in not showing that some diligence had been used to procure his evidence on the trial. The record shows that the witness lived within half a mile of the town, was the tenant of the plaintiff, and had charge of the hogs; and the question was, whether they were allowed to run at large by the consent of the plaintiff. The smallest amount of diligence in preparing for trial would have suggested to the defendant the propriety of procuring the evidence of the tenant of the plaintiff and the keeper of his hogs.

The motion for a new trial was overruled, and this ruling is the only error assigned. To justify the granting of a new trial upon the ground of newly-discovered evidence, it must be such as could not have been obtained on the trial

had by reasonable diligence, and must not be merely cumulative, nor for purposes of impeachment. *The State* v. *Clark,* 16 Ind. 97.

We cannot see why the decision is contrary to law or the evidence. It is true that the plaintiff and defendant somewhat conflict in their evidence, but we cannot disturb the action of the court on this account; nor can we see that the court committed any error of law during the trial.

The judgment is affirmed, at the costs of the appellant.

*A. F. Shirts,* for appellant.

*W. O'Brien* and *R. Graham,* for appellee.