## SHIGLEY *v.* SNYDER.

COMPLAINT FOR NEW TRIAL.—*Newly-Discovered Evidence.—Cumulative Evidence.—Impeachment.*—A complaint for a new trial was filed by the defendant in an action for slander, on the ground of newly-discovered evidence, wherein it was alleged that on the trial a certain witness testified to the speaking of the slanderous words by the defendant, and that they were spoken within a certain time, and that he had never heard any one speak of the subject before, and wherein it was shown that witnesses were examined at the trial by the defendant for the purpose of proving statements of the witness who testified to the speaking of the slanderous words, showing that he knew of the charge before the time he said he heard it from the defendant; and the alleged newly-discovered evidence was that of witnesses who it was alleged would testify that they talked with the witness who testified to the speaking of the slanderous words, about the slanderous charge against the plaintiff, and that he repeated the charge, before the time the alleged charge was made by the defendant.

*Held,* that the complaint was bad, the newly-discovered evidence being only cumulative and for impeachment.

SLANDER.—The precise time when slanderous words were spoken is immaterial.

PLEADING.—*Complaint for New Trial.*—Where an application for a new trial is made after the term, the complaint must show that the causes were discovered after the term.

From the White Circuit Court.

*E. Hughes, C. H. Test,* and *D. V. Burns,* for appellant.

*J. H. Matlock, S. A. Huff,* and *B. W. Langdon,* for appellee.

OSBORN, J.—This was a complaint filed by the appellant for a new trial, under sec. 356, 2 G. & H. 215. A demurrer

for want of sufficient facts was sustained to it, and the error
assigned is in sustaining the demurrer.

It is alleged that the appellee sued the appellant for slan-
der; that an issue of fact was formed, which was tried by a
jury, who rendered a verdict for the appellee, assessing his
damages at nine hundred dollars, upon which final judgment
was rendered.     After stating the pleadings and issues of
fact between the parties, the complaint shows, that the trial
was had and final judgment rendered at a special term of the
court; that since the judgment, he has discovered new and
material evidence touching the issue of fact formed in the
action for slander.    The complaint sets forth the evidence in
the original action, the newly-discovered evidence, and the
affidavits of the witnesses who will testify to the newly-dis-
covered evidence.    The complaint is sworn to by the appel-
lant.

The complaint also shows that on the trial of the original
action one Franklin Stewart was a witness for the appellee,
and testified to the speaking of the slanderous words by the
appellant; that they were spoken between the 16th of June
and the 1st of July, 1870, and that he had never heard any
one speak of the subject until that time.    The newly-discov-
ered evidence was to the effect that Stewart had talked with
the witnesses, whose affidavits were filed, about the slander-
ous charge against the appellee, and had reported it before
the time when the alleged charge was made by the appel-
lant.

The evidence in the original action, as set out in the com-
plaint for a new trial, shows that the appellant examined
several witnesses for the purpose of proving by the statements
of the witness Stewart that he knew of the charge against
the appellee before he said that he heard it from the appel-
lant, and that he did not first hear it from him; and
that is all that was sought to be proved by the newly-discov-
ered evidence.    The purpose was to accumulate evidence on
that question.    It was to impeach the testimony of the wit-
ness, that the appellant uttered the slanderous words, by

showing that so much of it as stated that he never heard of the charge until between the 16th of June and the 1st of July, 1870, was untrue.

A new trial will not be granted on the ground of newly-discovered evidence, where such evidence is merely cumulative. *Cox* v. *Hutchings,* 21 Ind. 219; *Jennings* v. *Loring,* 5 Ind. 250; *Simpson* v. *Wilson,* 6 Ind. 474; *Swift* v. *Wakeman,* 9 Ind. 552. Nor for the purpose of impeachment. *Porter* v. *The State,* 2 Ind. 435; *Martin* v. *Garver,* 40 Ind. 351; *M'Intire* v. *Young,* 6 Blackf. 496; *The State* v. *Clark,* 16 Ind. 97; *Jackson* v. *Sharpe's Adm'r,* 29 Ind. 167. There may be exceptions to this rule, but this case is not within the exceptions. The precise time when the words were spoken was not material. The question of the speaking of the words by the appellant was fairly submitted to the jury, and whether they were spoken at the precise time mentioned by the witness sought to be impeached was quite immaterial. The appellant was a witness in his own behalf, and denied speaking the words to the witness Stewart. Other witnesses testified to facts tending to show his admission that he had uttered the words.

The allegation in the complaint is, that since the trial of the cause he discovered the new evidence. The language of the statute, sec. 356, *supra,* is, "where causes for new trial are discovered, after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk," etc. There is no allegation in the complaint that the evidence was discovered after the term at which the verdict or decision was rendered.

Where the application for a new trial is made after the term, the complaint must show that the causes were discovered after the term, or it will be bad on demurrer. *Tillson* v. *Crim,* 22 Ind. 357.

The complaint states that the trial was had at a special term of the court. We are unable to determine precisely what is meant by the expression "a special term of the

court." Whenever the judge of the court is disqualified from trying any cause pending in his court, he must appoint a time for its trial, either in vacation or during the term. Sec. 208, 2 G. & H. 155; secs. 1, 2, 3, 2 G. & H. 9, 10. The court may also, under certain circumstances, adjourn to a day beyond the term fixed by law; which adjourned session shall be deemed a part of the regular term of the court. 2 G. & H. 11.

Our statute makes no provision for a " special term " of court, as such. Adjourned sessions, and days fixed for the trial of causes in vacation, in which the judge is disqualified, are each sometimes called special terms. Perhaps, if it had been shown that the regular judge, by reason of his disqualification, had appointed a day for the trial of the action, and called another judge who had tried it, the term as to that action would be considered as closed on the rendition of final judgment. But we express no opinion upon the question.

It is quite clear that the complaint is fatally defective in not averring that the new evidence was discovered after the term at which the verdict was rendered.

The judgment is affirmed, with costs.