WALLS *v.* THE ANDERSON, LEBANON AND ST. LOUIS R. R. Co.

NEW TRIAL.—*Dismissal of Appeal.*—*Assignment of Error.*—*Supreme Court.*— *Practice.*—On appeal from a justice of the peace to the circuit court, and a change of venue by the same party thence to another circuit court, the latter, after trying the cause and announcing its finding, struck out its minutes of the trial, and dismissed the appeal for want of a transcript of the proceedings in the cause.

*Held,* that such dismissal was an irregularity which could be assigned as ground for a new trial, but could not be assigned as error, in the Supreme Court.

BILL OF EXCEPTIONS.—A bill of exceptions imports absolute verity.

From the Clinton Circuit Court.

*W. B. Walls,* for appellant.

*R. W. Harrison, C. S. Wesner* and *B. S. Higgins,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, before a justice of the peace of Boone county, Indiana, to recover the amount of a subscription made by the appellant to the capital stock of the appellee.

The trial before the justice resulted in a judgment in favor of the appellee, and against the appellant, for seventy

Walls *v.* The Anderson, Lebanon and St. Louis R. R. Co.

dollars, and costs, from which judgment the appellant appealed to the Boone Circuit Court.

In this latter court, on the appellant's application, the venue of the cause was changed to the court below; and the papers in said cause, with a transcript of the proceedings therein in the Boone Circuit Court, were duly transmitted to the clerk of the court below, and the cause there docketed for trial.

On June 21st, 1875, the day on which the cause was set for trial, in the court below, the parties appeared, but it was discovered that the papers in the cause were not on file, and were apparently lost.

The appellee, with leave of the court, filed a substituted complaint.

The appellant then moved the court to dismiss the suit, because there was no transcript of the proceedings in the Boone Circuit Court, on file in the court below.

The court suggested, that the suit could not, but that the appeal might be, dismissed for the cause mentioned in appellant's motion.

The appellant then agreed to file a substituted transcript on June 23d, 1875, on which day the parties appeared, and the appellant withdrew his motion to dismiss the cause, saying to the court, that he had the transcript, which he had undertaken to supply.

Thereupon the cause was submitted to the court for trial, without a jury, and the court announced its finding.

The appellant then moved the court in arrest of judgment, for want of jurisdiction of the court below over the cause, because there was no transcript from the Boone Circuit Court on file in the court below, and announced that he had not filed the transcript which he had undertaken to file.

Thereupon the court below, of its own motion, erased its minutes of the trial from its docket, and dismissed the appeal from the justice, at the appellant's costs, and rendered judgment accordingly.

In this court, the appellant has assigned the following error of the court below:

" The court erred in dismissing the appellant's appeal, taken from the justice's court."

The account of the proceedings in this cause, in the court below, which we have set out, is taken from the bill of exceptions, which is properly in the record.

The appellant's attorney insists, in argument, that the bill of exceptions is not true; but to us, under the law, it imports " absolute verity."

It is unnecessary for us to express our opinion of the proceedings in this case, as the same are set out in the bill of exceptions. At most, the action of the court below, in dismissing the appellant's appeal from the justice, was an "irregularity in the proceedings of the court," by which the appellant " was prevented from having a fair trial." This is the first statutory cause for a new trial. 2 R. S. 1876, p. 179, sec. 352.

The matter assigned as error in this court should have been assigned as a cause for a new trial, in a motion therefor addressed to the court below. There was no motion by the appellant for a new trial of this cause. A cause for a new trial can not be assigned as error in this court. Buskirk Prac., p. 126, and authorities cited; and *Freeze* v. *DePuy*, 57 Ind. 188.

The alleged error, assigned by the appellant, presents no question for our decision.

The judgment is affirmed, at the appellant's costs.