EVANS v. THE STATE.

NEW TRIAL.—*Assignment of Error.*—*Practice.*—*Supreme Court.*—An alleged error in overruling an objection to evidence is merely a cause for a new trial, and is not assignable in the Supreme Court as error.

SAME.— *Evidence must be Pointed Out.*— Where a party complains of an alleged erroneous ruling of the court trying the cause, either in the admission or exclusion of evidence offered, he must point out with reasonable certainty, in his motion for a new trial, the particular evidence so admitted or excluded.

SAME.—*Criminal Law.*—*Variance.*--In a prosecution for larceny, an allegation that there was " a variance in the proof on the trial and the description of the " chattel " named in the indictment," is not a statutory cause for a new trial ; but if the variance is so great as to show that the defendant did not steal the chattel, it may be said that a verdict of guilty is not sustained by the evidence.

SAME.—*Newly-Discovered Evidence.*—*Impeachment.*—It is a general rule, that a new trial will not be granted for the admission of newly-discovered evidence to impeach the testimony of a witness in the former trial, either by showing that the reputation of such witness for truth was bad or that the evidence given by him was false.

From the Boone Circuit Court.

*C. C. Galvin*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

HOWK, J.—In this case the indictment charged that the appellant, on the 15th day of September, 1877, at Boone county, Indiana, did then and there, unlawfully and feloniously, steal, take and ride away one gray horse, then and there the personal property of James M. Cross, of the value of one hundred dollars, contrary to the form of the statute, etc.

Upon arraignment, the appellant's plea was that he was not guilty as charged in said indictment. The cause was tried by a jury, and a verdict was returned, finding the appellant guilty as charged, and assessing his punishment at a fine of one dollar, imprisonment in the state-prison for two years, and disfranchisement and incapacity to hold any office of trust or profit for the term of two years.

On the 22d day of May, 1879, the appellant moved the court, in writing, for a new trial, which motion was overruled on the next day, and to this ruling the appellant excepted and filed his bill of exceptions.

On the 31st day of May, 1879, upon affidavits then filed, the appellant again moved the court for a new trial, for newly-discovered evidence, which motion was also overruled, and to this decision he excepted. The court then rendered judgment upon and in accordance with the verdict, and from this judgment this appeal is now here prosecuted.

The only errors properly assigned by the appellant, in this court, are the decisions of the court below in overruling his two motions for a new trial.

The first alleged error, to the effect that the circuit court had erred in overruling his objections to the evidence of certain named witnesses, was merely a cause for a new trial, and was not assignable as error in this court. *Freeze* v. *DePuy*, 57 Ind. 188; *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56; and *Fisher* v. *The State, ex rel.*, 65 Ind. 51. It was not assigned as a cause for a new trial in either of the appellant's motions therefor, and therefore his objections to the evidence can not be considered by this court.

In his first motion for a new trial, the appellant assigned the following causes therefor:

1. That the verdict was contrary to law;

2. The verdict was not sustained by the evidence

3.   Error of the court in admitting improper evidence against the appellant, over his objections and exceptions; and,

4.   On account of a variance in the proof on the trial and the description of the horse named in the indictment.

We need hardly say that the third alleged cause for a new trial, as above set forth, was too vague and uncertain to demand any attention from the court below, or to present any question for the decision of this court.   It is settled, we think, by the decisions of this court, that where a party complains of an alleged erroneous ruling of the court trying the cause, either in the admission or exclusion of offered evidence, he must point out, with reasonable certainty, in his motion for a new trial, the particular evidence so admitted or excluded; otherwise the court below need not, and this court will not, consider such alleged erroneous decision.   *Betson* v. *The State*, 47 Ind. 54 ; *Bowers* v. *Bowers*, 53 Ind. 430; and *Grant* v. *Westfall*, 57 Ind. 121.   In the case at bar, the appellant did not, in any manner, in his third cause for a new trial, in the motion therefor, particularize, specify or identify the alleged improper evidence, the admission of which, he claimed, was an error of the court.

The fourth cause for a new trial, as stated in the appellant's motion, was not a statutory cause therefor.   If, however, the variance had been so great as to show that the appellant had not stolen the horse described in the indictment, then it might be well said that the verdict was not sustained by the evidence.   But we do not find, in the evidence, any such variance as is charged in the fourth cause for a new trial.   We have carefully read all the evidence in the record of this cause, and we can not say therefrom, either that the verdict of the jury in this case was not sustained by the evidence, or that it was contrary to law.   In our opinion, therefore, the court did not err in overruling the appellant's first motion for a new trial.

The overruling of the motion for a new trial, on the alleged ground of newly-discovered evidence, was not erroneous. It would seem, from the affidavits filed with this motion, that the only purpose for which a new trial was asked was the impeachment of certain witnesses on behalf of the State. The general rule is well established, by the decisions of this court, that a new trial will not be granted for the admission of newly-discovered evidence, to impeach the testimony of a witness or witnesses on the former trial, either by showing that the reputation of such witness or witnesses for truth was bad, or that the evidence given by him or them was false. *Fleming* v. *The State*, 11 Ind. 234; *The State* v. *Clark*, 16 Ind. 97; *Jackson* v. *Sharpe's Adm'r*, 29 Ind. 167; and *Martin* v. *Garver*, 40 Ind. 351. There may be some exceptions to this general rule, but the case now before us does not fall within any of the exceptions. We are clearly of the opinion that the appellant's second motion for a new trial was properly overruled. His right to file this second motion for a new trial is not called in question, in this court.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.