## SHIREL v. BAXTER.

### No. 7420.

NEW TRIAL.—*Cumulative Evidence.— What Constitutes.*—See opinion.

SAME.—*Newly-Discovered Evidence Cumulative.*—A new trial will not be granted for newly-discovered evidence which is merely cumulative to the evidence adduced on the original trial.

SAME.—*Newly-Discovered Evidence, Contradicting or Impeaching Witness.*— A new trial will not be granted for the admission of newly-discovered evidence to contradict or impeach the testimony of a witness on a previous trial, either by showing that the reputation of such witness for truth was bad, or that his testimony on the former trial was false.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*J. H. Louden* and *R. W. Miers*, for appellee.

HOWK, J.—This was a complaint for a new trial, filed by the appellant, against the appellee, under section 356 of the code. 2 R. S. 1876, p. 183. The appellee's demurrer to this complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and to this decision the appellant excepted ; and thereupon judgment was rendered against him for the appellee's costs.

The only question presented for the decision of this court, by the appellant's assignment of error, is this : Did his complaint state such facts, admitting them to be true, as would entitle him to a new trial of the original case ?

The statute does not seem to contemplate any special pleading in such a case as the one now before us; for it expressly provides, that the application "shall be summarily decided by the court, upon the evidence produced by the parties." It was competent, however, for the appellee to admit the truth of the facts stated by the appellant in his complaint, and this was the legal effect of the demurrer to the complaint.

The appellant alleged, in substance, in his complaint for

a new trial, that on the 28th day of November, 1877, he commenced a suit against the appellee, in the Monroe Circuit Court, in which he sought to recover fifty dollars, with interest thereon from January, 1866, which sum the appellee had wrongfully obtained from the appellant, without his knowledge or consent, and while he was in a state of intoxication, as would more fully appear from the complaint in that case, which remained on file in said court; that at the January term, 1878, of said court, the appellee appeared and answered said complaint; and the issues joined were tried by a jury, and a verdict was returned for the appellee, the defendant below, and thereon the court rendered judgment for his costs, against the appellant, all of which would more fully appear from the record of said cause in said court.

And the appellant averred, that since the close of said trial, and of the January term, 1878, of said court, he had discovered that he could prove by Elizabeth Beastell, a competent witness, that she heard the appellee admit and say to William Bender, then the husband of said Elizabeth, at his house, in December, 1866, that while he, appellee, and the appellant, were at Indianapolis, Indiana, in January, 1866, on their way to their homes in Monroe county, the appellant gave to him, appellee, a fifty-dollar bill and asked of him fifty cents; that he, appellee, gave the appellant the fifty cents and took the fifty-dollar bill and placed the same in his vest pocket; that, on the next morning, the appellant asked him for the same, and that he denied to him having it, and said that he had kept the same, and had told his mother and sister about it when he came home. And the appellant further averred, that he could also prove by the same witness, that afterward she heard the appellee's mother say to him, in Bloomington, Indiana, that he owed the appellant fifty dollars, which he had taken from appellant at Indianapolis, and that she would

see that he, appellee, had to pay it back to him; to which the appellee made no answer, neither denying nor admitting said accusation.

It is conceded by appellee's counsel, as we understand them, that the appellant's complaint for a new trial is technically sufficient to entitle him to such new trial, on the ground of the foregoing newly-discovered evidence, if such evidence is not, as they insist that it is, merely cumulative to the evidence of one Abner May, a witness on the original trial of the case. The evidence of said May, on the trial, was set out in the complaint for a new trial, as follows:

" I know the parties; used to live on defendant's place. One day in about 1872, when defendant and myself were going to Esquire Chandler's to get a deed made, the defendant told me that while they were at Indianapolis on their way home from the army, Ty Shirel, the plaintiff, got to drinking and he gave him a fifty-dollar bill for fifty cents, and that he kept it. I told him, he ought to give it back, for he was a poor man; and he swore he would not do it; he had as good a right to it as Shirel; if he had it, he would drink it up and gamble it off."

The question for our decision, therefore, is this: Would the newly-discovered evidence of Mrs. Elizabeth Beastell, as set out in appellant's complaint, be any thing more under the law than merely cumulative to the above recited evidence of Abner May, on the original trial?

If it would, the appellant ought to have a new trial; but, if it would not, the court did not err, we think, in sustaining the demurrer for the want of facts, to the complaint for a new trial, and in denying such new trial, on the ground of such newly-discovered evidence. In 1 Greenleaf's Evidence, p. 4, sec. 2, it is said: " Cumulative evidence is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admission of the

party, evidence of another verbal admission of the same
fact is cumulative." It will be seen that the illustration
or example of cumulative evidence, given by Mr. Greenleaf,
is almost identical with the case now before us. On the
original trial, for the purpose of proving a particular fact,
the appellant gave in evidence the appellee's verbal ad-
mission of such fact to the witness, Abner May; while the
newly-discovered evidence consisted of other verbal ad-
missions of the appellee of the same facts, made to, or in
the presence of, Mrs. Elizabeth Beastell, to prove the same
particular fact. The newly-discovered evidence of Mrs.
Beastell, set out in appellant's complaint, as it seems to us,
comes fairly within the definition of cumulative evidence;
and it is settled by the decisions of this court, that a new
trial will not be granted for newly-discovered evidence
which is merely cumulative to the evidence adduced on
the original trial. *Zouker* v. *Wiest*, 42 Ind. 169; *Shigley* v.
*Snyder*, 45 Ind. 543; *Winsett* v. *The State*, 57 Ind. 26;
and *Dodds* v. *Vannoy*, 61 Ind. 89.

In the case of *Cox* v. *Harvey*, 53 Ind. 174, the same ques-
tion was presented as in the case at bar. The court said:
" On the trial, admissions of the defendant were given in ev-
idence by the plaintiff, tending to show that he was liable
on the note, as one of the firm. The newly-discovered evi-
dence consists of other admissions made by the defendant,
having the same tendency. This is cumulative evidence.
The discovery of such evidence is no ground for granting
a new trial." Buskirk Practice, pp. 241 and 242, and cases
there cited.

One other point is made in the appellant's complaint for
a new trial, and in the brief of his counsel in this court,
which we will briefly notice. It appears from said com-
plaint, that, on the original trial, one Andrew Elkins, a
witness for appellee, testified to the effect, that the appel-
lant the appellee, John Beastell and the witness, Elkins,

had occupied the same room at a hotel in Indianapolis, on their return home from the army, etc.; and the appellant averred, that since the said trial, and after the close of the January term, 1878, of the court, he had discovered that he could prove by one John I. Bender, a competent witness, that he had occupied the same room with the appellant, the appellee and John Beastell, at a hotel in Indianapolis, on their return home from the army, and that said Andrew Elkins was not with them in said room, during said night. We suppose that this newly-discovered evidence could only be used, if used at all, for the purpose of contradicting and impeaching the witness, Andrew Elkins. The general rule is well established, by the decisions of this court, that a new trial will not be granted for the admission of newly-discovered evidence to contradict or impeach the testimony of a witness on a previous trial, either by showing that the reputation of such witness was bad for truth, or that his testimony on the former trial was false. *Fleming* v. *The State*, 11 Ind. 234; *Jackson* v. *Sharpe's Adm'r*, 29 Ind. 167; *Martin* v. *Garver*, 40 Ind. 351; and *Evans* v. *The State*, 67 Ind. 68.

We are of the opinion, that the facts stated in the appellant's complaint, admitting them to be true, were not sufficient to entitle him to a new trial of the original case; and that, therefore, the court did not err in sustaining the appellee's demurrer to said complaint.

The judgment is affirmed, at the appellant's costs.