No. 8659.

WALL v. THE STATE, EX REL. RANDALL.

NEW TRIAL.—*Diligence.*— *Witness.*—*Practice.*—To warrant the granting of a new trial on account of newly discovered evidence, it must be shown that the evidence could not have been obtained by reasonable diligence before the trial, and that the evidence is not for impeachment only.

From the Boone Circuit Court.

*W. B. Walls* and *S. M. Burke,* for appellant.

*C. S. Wesner,* for appellee.

BICKNELL, C. C.—This was a prosecution for bastardy. There was a trial by jury; the appellant was found to be the father of the child. His motion for a new trial was overruled; he appealed from the judgment, assigning as error the overruling of the motion for a new trial.

The third cause for the new trial was newly discovered evidence, and that is the only cause relied on and discussed by the appellant in his brief.

One of the affidavits in relation to the newly discovered evidence is made by Annie Walden, another by Charlotte McGinness, and the third by the appellant.

Annie Walden states an act of incontinence on the part of

the relatrix, but gives no dates, and says "it occurred a good while before the child was born."

Charlotte McGinness swears to two suspicious circumstances tending to show fornication on the part of the relatrix, but as to one of them she does not recollect the date, and as to the other she says it occurred "after wheat threshing," without specifying in what year; and she swears also to certain statements made by the relatrix, inconsistent with her testimony in the cause, and which, if proved, would tend to impeach her.

The appellant's affidavit, as to diligence, is as follows: "That this defendant enquired diligently of the neighbors in the neighborhood and procured friends to enquire, but could get no information of these facts until since the trial of this cause; that those knowing them kept them concealed from this affiant." There is no statement in the affidavit that any diligence at all was used or any enquiry made before the trial; for aught that appears in the affidavit, all the diligence may have been used since the trial. *Toney* v. *Toney*, 73 Ind. 34; *Arms* v. *Beitman*, 73 Ind. 85.

To warrant a new trial for newly discovered evidence, it must appear that the evidence could not have been obtained by reasonable diligence before the trial, and the evidence must not be for impeachment only. *The State, ex rel.*, v. *Clark*, 16 Ind. 97; *Martin* v. *Garver*, 40 Ind. 351.

The general rule is that a new trial will not be granted for newly discovered evidence to impeach a witness, either by showing the bad reputation of the witness for truth, or that his testimony was false. *Evans* v. *The State*, 67 Ind. 68; *Shirel* v. *Baxter*, 71 Ind. 352; *Jackson* v. *Sharpe's Adm'r*, 29 Ind. 167.

There was no error in overruling the motion for a new trial. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is, therefore, ordered by the court on the foregoing opinion that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.