Morel v. The State.

---

No. 10,824.

Morel v. The State.

Intoxicating Liquors.—*Sale on Sunday.*—*Drunk as a Beverage.*—*Indictment or Information.*—*Evidence and Defence.*—In a prosecution for the unlawful sale of intoxicating liquor, under section 2098, R. S. 1881, upon Sunday or upon either of the other days named in such section, the indictment or information must charge, to be sufficient, that the sale of

| | |
|---|---|
| 89 | 275 |
| 143 | 688 |
| 89 | 275 |
| 144 | 363 |
| 89 | 275 |
| 151 | 679 |
| 89 | 275 |
| 154 | 588 |
| 89 | 275 |
| 162 | 301 |
| 89 | 275 |
| 170 | 632 |

the intoxicating liquor was made "to be drunk as a beverage;" but where the evidence shows the sale, on either of the days named, of an intoxicating liquor which is ordinarily drunk as a beverage, and the defendant claims that it was not sold to be drunk as a beverage, this is matter of defence to be shown by him, and, in the absence of such showing, the court or jury will be justified in finding him guilty of the offence charged.

SAME.—*Cause for New Trial.*— *Newly-Discovered Evidence.*— *Contradiction or Impeachment of Witness.*—Where newly-discovered evidence is assigned as cause for a new trial, and it is apparent from the affidavits filed in support of such cause, that the only purpose of such evidence is to contradict and impeach the testimony of a witness on the previous trial, there is no error in the refusal of the court to grant a new trial for the introduction of such evidence.

SAME.—*Accident or Surprise.*—*Diligence.*—*New Trial.*—In a prosecution for the unlawful sale of intoxicating liquor to a certain person, on a certain Sunday, the defendant has no right to be surprised at the evidence of such person, tending to prove such sale; and such surprise, where no diligence whatever is shown, is not sufficient cause for a new trial.

From the Wayne Circuit Court.

*S. A. Forkner* and *T. J. Study,* for appellant.

*F. T. Hord,* Attorney General, and *C. E. Shiveley,* for the State.

HOWK, J.—The indictment in this case charged in substance, that the appellant and one Adolph Brown, in Wayne county, on the 3d day of September, 1882, unlawfully sold to George Dobbins, for the price of five cents, in a less quantity than a quart at a time, to be then and there drank as a beverage, a certain intoxicating liquor, to wit, one pint of beer, the said 3d day of September being then and there the first day of the week, commonly called Sunday. On the appellant's waiver of arraignment and plea of not guilty, the issues joined were tried by a jury; and a verdict was returned finding him guilty as charged, and assessing his fine in the sum of $50. Over his motion for a new trial, judgment was rendered on the verdict.

The overruling of his motion for a new trial is assigned as error by the appellant. The appellant was charged in the

indictment with an offence which is defined, and its punishment prescribed, in section 2098, R. S. 1881. So far as applicable to the case in hand, this section provides as follows: "Whoever shall sell, barter, or give away to be drunk as a beverage, any spirituous, vinous, malt or other intoxicating liquor, upon Sunday, * * * * shall be fined in any sum not more than fifty dollars nor less than ten dollars, to which may be added imprisonment in the county jail not more than sixty days nor less than ten days."

The first point made in argument by the appellant's counsel is the failure of the evidence, as counsel claim, to show a sale of intoxicating liquor "to be drunk as a beverage." In *Dowdell* v. *State*, 58 Ind. 333, in construing a statute almost identical, in its terms and verbiage, with section 2098, R. S. 1881, it was held that an affidavit charging the defendant with the offence defined in such statute was not sufficient, because it did not charge that the intoxicating liquor was sold "to be drunk as a beverage." The case cited was approved and followed by this court in the later case of *Allman* v. *State*, 69 Ind. 387. If it be necessary to the sufficiency of an indictment or information, charging the offence defined in section 2098, R. S. 1881, that it should aver that the intoxicating liquor was sold to be drunk as a beverage, of course the evidence should be such as to satisfy the jury that the liquor was sold for such purpose, or at least that it was not sold for any other purpose. The law makes the sale of intoxicating liquor on Sunday, and the other days named in the statute, to be drunk as a beverage, a public offence; but where the indictment or information charges, and the evidence shows, a sale by the defendant, on either of the days named in the statute, of an intoxicating liquor which is ordinarily used as a beverage, if the defendant claims that the liquor was not sold "to be drunk as a beverage," this is matter of defence to be shown by him, and, in the absence of such showing, he may well be found guilty of the offence charged by the triers of the facts. In the case at bar the State's evidence tended to

prove a sale by the appellant, at his saloon, of ten cents' worth of beer, on a certain Sunday ; that the beer was intoxicating ; and that it was " drunk as a beverage." There was no evidence introduced, although the appellant testified as a witness, tending to prove that the beer was sold for any other purpose than to be drunk as a beverage.   Upon the evidence the jury were justified, we think, in finding that the beer was sold by the appellant to be drunk as a beverage, and for no other purpose.

On the trial of the cause the court instructed the jury as follows :

" If the evidence convinces you beyond a reasonable doubt that on Sunday, the 3d day of September, 1882, or any Sunday prior to that, within two years prior to the finding of this indictment, said defendant was a keeper of a saloon in this city, where intoxicating liquors were sold, and had a person in his employ who assisted in the sale of such liquors, and if you further believe from the evidence, beyond a reasonable doubt, that on any one of the above named Sundays, George Dobbins authorized his son to buy any quantity of intoxicating beer for him, and if, in pursuance of said authority, his said son on any of said Sundays went to said saloon and told said defendant that his father wanted to buy a dime's worth of beer, that said defendant thereupon told said son to go to his bar-keeper, and if thereupon said son went to said bar-keeper, and if said bar-keeper gave to the said boy a dime's worth of intoxicating beer, and received from said boy a dime in payment therefor, and if said beer was then taken by said boy to his father, George Dobbins, and if said George Dobbins then drank said beer, or a portion thereof, as a beverage, you would be warranted in finding the defendant guilty ; but if these facts have not been proved beyond a reasonable doubt, you should acquit the defendant."

It is earnestly insisted by appellant's counsel that ". this instruction is erroneous, and does not correctly state the law." Counsel say : " It ignores the all-important fact and essential ingredient requisite to constitute a sale of 'liquor illegal, un-

der said section, namely : that it must be sold to be drunk as a beverage. If sold for this purpose, on the forbidden days named in said section, the crime by such sale is consummated, irrespective of the use which may afterwards be made of the liquor; and if the liquor is not sold to be drunk as a beverage, no subsequent use which may afterwards be made of the liquor sold, even though the purchaser may have drunk it as a beverage, can render the sale of the liquor illegal, and the seller criminally liable, under said section." We do not think that the appellant has any just cause to complain of the instruction of the court. It seems to us that the court might well have told the jury if they found the facts recited in the instruction, beyond a reasonable doubt, they must find the defendant guilty, unless they also found that the intoxicating beer had *not* been sold to be drunk as a beverage, and that this was matter of defence to be shown by the defendant. In the absence of such a showing by the appellant, we are of opinion that the instruction complained of was as favorable to him as the law would warrant, and that, in giving such instruction, the court committed no error of which he can be heard to complain.

Appellant's counsel next insist that a new trial ought to have been granted on account of certain newly-discovered evidence material for the appellant, which, it is claimed, he could not, with reasonable diligence, have discovered and produced at the trial. The only purpose which would be subserved or accomplished by the newly-discovered evidence on a new trial of the cause would have been the contradiction of the evidence of the infant son of George Dobbins, a witness for the State, on the question of the time of day he purchased the beer, and the possible impeachment of such witness, by showing that his evidence was false. It is well settled by the decisions of this court, " that a new trial will not be granted for the admission of newly-discovered evidence to contradict or impeach the testimony of a witness on a previous trial, either by showing that the reputation of such witness was bad

for truth, or that his testimony on the former trial was false."
*Shirel* v. *Baxter*, 71 Ind. 352.   *Martin* v. *Garver*, 40 Ind. 351 ;
*Evans* v. *State*, 67 Ind. 68 ; *Wall* v. *State, ex rel.*, 80 Ind. 146.

Accident and surprise, which ordinary prudence on his part could not have guarded against, are also assigned by appellant as cause for a new trial.   It is claimed that the appellant was taken by surprise by the evidence of the boy Dobbins, to the effect that when he called on appellant for the beer the latter directed him to go to the barkeeper for it; and that he could not then remember where he was at the time spoken of by the boy, although he knew that he was not at his saloon ; but that he now remembered and could prove where and with whom he was at the time.   The appellant had no right to be surprised at any evidence introduced by the State in support of the charge in the indictment.   The unlawful sale was charged to have been made on Sunday, the 3d day of September, 1882, in an indictment returned on the 14th day of September. There were but two Sundays in the month, therefore, about which he had to refresh his memory.   As the trial of the cause did not occur until the 12th day of December, 1882, he certainly had an abundance of time before the trial to refresh his recollection and make proper inquiries in regard to where he was, and with whom, on each of the two Sundays in September, before the return of the indictment.   We are of the opinion that the affidavits filed by appellant with his motion for a new trial fail to show that he could not, by proper and reasonable diligence, have discovered and produced at the trial his alleged newly-discovered evidence, or that he could not, by the exercise of ordinary prudence on his part, have guarded against the accident and surprise of which he complains.

Our conclusion is that the court committed no error in overruling the appellant's motion for a new trial.

The judgment is affirmed, with costs.