No. 12,336.

## DeHart et al. *v.* Aper.

New Trial.—*Newly Discovered Evidence.*—*Cumulative Evidence.*—Newly discovered evidence, which is merely cumulative to that adduced at the trial, will not authorize a new trial.

Same.—*Conflicting Evidence in Support of.*—*Supreme Court.*—*Practice.*—Where the evidence offered in support of a motion for a new trial is conflicting, the decision of the trial court will not be reviewed on appeal.

From the Tippecanoe Superior Court.

*B. W. Langdon, T. F. Gaylord* and *G. P. Haywood,* for appellants.

*J. F. McHugh* and *H. E. Ball,* for appellee.

Niblack, J.—This was an action to recover damages for an injury done to the land of appellants by surface-water, coming, as was alleged, from the lands of appellee and flowing over and upon the land of appellants.

The substantial allegations of the complaint were, that appellants owned a certain lot number 116, in the town of Chauncey, Tippecanoe county, in this State; that appellee owned certain real estate in the same county, the southeast corner of which was adjacent to the northwest corner of appellants' lot; that south of appellee's land, and adjacent thereto, and next to appellants' lot, and contiguous thereto, was, and is lot No. 121, in said town of Chauncey, and that on said lot 121 was a large natural reservoir, depression or basin covering about ten acres; that between lots 116 and 121 there was an unimproved street, the north end of which

terminated at the southeast corner of appellee's land; that appellee's land, except the east side, was low, and was a natural basin; that the reservoir on lot 121 was a continuance of the basin on appellee's land; that the surface of appellants' land was lower than appellee's land; that appellee had obstructed the flow of water from his land to lot 121, and to drain his own land had dug, permitted, or caused to be dug, a ditch to the southeast corner of his land, and thence on to the improved street in the town of Chauncey; that after the melting of the snow, and after and during the heavy rains of summer, the water flowed in torrents from the basin on appellee's land into said ditch, and on to and over appellants' land, and the water, because of an abrupt descent of forty feet on appellants' land, gathered force and momentum as it descended, and had carried away soil, gravel and sod, and had washed out trees, shrubbery, etc., to appellants' damage.

The cause was twice tried. At the first trial the jury failed to agree upon a verdict. The second trial resulted in a verdict and judgment for the appellee. Before the rendition of the judgment a motion for a new trial was interposed and overruled. One of the causes assigned for a new trial was newly discovered evidence, and the only contention here is upon the alleged sufficiency of the showing made by the appellants in support of that cause for a new trial.

The appellee, testifying as a witness, denied having constructed, or having authorized the construction of, the ditch complained of. There was nevertheless evidence tending to prove that the ditch was made by persons who had but a short time before been seen working in the appellee's field near by, and who were seemingly engaged as workmen upon the appellee's lands described in the complaint. Other circumstances were adduced, and relied upon, as tending to show that the ditch was dug by the appellee's employees, with his knowledge and at least implied consent.

Both of the appellants filed affidavits alleging that upon another trial they could prove additional and material facts

by one Evans, a newly discovered witness. They also, at the same time, filed the affidavit of Evans, in which he stated, amongst other things, that he worked as a farm hand for the appellee during the years 1875 and 1876; "that, during the spring and summer of said year 1875, said defendant by himself, and this affiant for him, constructed" the ditch in question. The appellee then procured an additional affidavit from Evans, and filed it as a counter-affidavit to the one he had previously made. In this latter affidavit Evans withdrew some of his previous statements and modified others. Among others, he withdrew his former statement that the appellee had constructed the ditch in controversy. He also intimated that his first affidavit had been obtained from him by undue means, and claimed that he had been induced to sign it in ignorance of many of its statements.

William M. DeHart, one of the plaintiffs, and the husband of Caroline V. DeHart, his co-plaintiff, filed his additional affidavit, testifying to admissions which Evans had since made in material conflict with many of the allegations of his second affidavit, and stating that, notwithstanding such admissions, Evans had declined to sign any other or further affidavit in the premises.

Upon the facts thus stated, the appellants moved that Evans be summoned to appear in court and to testify orally concerning the matters embraced in both of his affidavits. Their motion was granted, and, over the objection of the appellee, Evans was examined and testified orally concerning the matters in question. He modified and corrected some of his previous statements on both sides, and explained more at length. He admitted that he had assisted in the construction of the ditch referred to in both of his affidavits, but said that he rendered that assistance only at the request of two of his co-employees on the appellants' farm; that one of these two co-employees was a son of the appellee, who seemed to be a managing man in the absence of his father; that the ditch, as it was originally constructed, was a rather small affair, and

that he, Evans, did not know that the appellee had any knowledge of its construction when it was made.

There were other questions involved at the trial besides the inquiry as to the authority under which the ditch referred to was made. If, therefore, the question for decision in this case rested upon the statements of Evans contained in his first affidavit alone, we would scarcely feel justified in holding that the testimony of Evans would probably produce a different result upon another trial. 3 Graham and Waterman New Trials, 1093, *et seq.* But, accepting Evans' oral testimony as his last and true statement of what he would swear to upon a new trial, we feel constrained to hold that the proposed evidence would be only cumulative to that which was given at the former trial. It would afford only circumstantial evidence, tending to establish the appellee's responsibility for the construction of the ditch, and, as has been seen, there was circumstantial evidence of a similar character at the trial, tending to establish the appellee's responsibility in that respect. It would, therefore, only be additional "evidence of the same kind to the same point." *Houston* v. *Bruner,* 39 Ind. 376; *Shirel* v. *Baxter,* 71 Ind. 352; *Lefever* v. *Johnson,* 79 Ind. 554; Buskirk Pr. 242; *Hines* v. *Driver,* 100 Ind. 315.

But, waiving all question as to the cumulative character of the proposed newly discovered evidence as it was foreshadowed by the oral testimony of Evans, the case presents a view which is fatal to this appeal.

The evidence submitted as above by the parties respectively was conflicting, and hence its weight as evidence became a question for the decision of the court to which it was addressed. Decisions thus made upon the mere weight of conflicting evidence will not be reviewed by this court. *Harris* v. *Rupel,* 14 Ind. 209; *Long* v. *State,* 95 Ind. 481; *Epps* v. *State,* 102 Ind. 539; *Shular* v. *State,* 105 Ind. 289.

The judgment is affirmed, with costs.

Filed Sept. 23, 1886.