Meurer v. The State.

No. 16,096.

## MEURER v. THE STATE.

CRIMINAL LAW.—*Manslaughter.*—*Self-Defence.*—On the trial of an indictment for manslaughter, the defendant testified that when he shot the decedent the decedent was about seven steps away from him, had thrown at him his weapon, an ax, and was turning away from him.

*Held,* that a claim of self-defence was not tenable, and that a verdict of guilty was sustained by the evidence.

NEW TRIAL.—*Newly-Discovered Evidence.*—A new trial will not be granted because of newly-discovered evidence which is merely cumulative; nor will a new trial be granted on account of newly-discovered evidence when the sole purpose of such evidence is impeachment; and the fact that the party was surprised by the testimony of the witness proposed to be impeached or contradicted will not change the rule.

From the Knox Circuit Court.

*W. A. Cullop, C. B. Kessinger* and *J. S. Pritchett,* for appellant.

*A. G. Smith,* Attorney General, for the State.

McBRIDE, J.—On the morning of September 18th, 1890, the appellant, with two brothers, engaged in a fight with four brothers named Blevins. During the contest the appellant shot and killed Rufus Blevins. For this he was tried and convicted of voluntary manslaughter. He moved for a new trial, alleging several reasons, but the circuit court overruled his motion. The only errors argued arise on this ruling, and relate to two of the reasons assigned for a new trial. These reasons are: 1st. Surprise, and 2d. That the evidence does not support the verdict. The appellant insists that the killing was in self-defence.

On the trial, one Omar Davis testified as a witness for the State to certain facts which if true were material as bearing on the claim that the killing was in self-defence. He was directly contradicted on every material point by three witnesses in addition to the appellant.

The surprise of which the appellant complains was in the

testimony of Davis, who, the appellant swears, several times before the trial assured him that he knew nothing whatever of the matter, and who also testified as a witness at the coroner's inquest that he knew nothing of it. The appellant also produced the affidavits of three witnesses who would directly contradict Davis. One of these he did not know of until Davis testified, and could not with reasonable diligence have learned of or produced at the trial. The others, however, were present and testified at the trial on other matters, and no excuse is shown for not then examining them as to the matters of which Davis testifies.

As above stated, Davis was contradicted on every point by three witnesses and by the appellant on the trial. The testimony of the newly-discovered witness, therefore, in so far as it might tend to disprove the facts testified to by him, would have been merely cumulative, and a new trial will never be granted because of newly-discovered evidence which is merely cumulative. *Simpson* v. *Wilson*, 6 Ind. 474; *State, ex rel.,* v. *Clark,* 16 Ind. 97; *Martin* v. *Garver,* 40 Ind. 351; *Winsett* v. *State,* 57 Ind. 26; *Dodds* v. *Vannoy,* 61 Ind. 89; *Harper* v. *State, ex rel.,* 101 Ind. 109; *Marshall* v. *Mathers,* 103 Ind. 458; *De Hart* v. *Aper,* 107 Ind. 460; *Sutherlin* v. *State,* 108 Ind. 389.

If it was the purpose by this evidence to impeach Davis, the same result would follow, as a new trial will never be granted on account of newly-discovered evidence when the sole purpose of such evidence is impeachment. *McIntire* v. *Young,* 6 Blackf. 496; *State, ex rel.,* v. *Clark, supra; Martin* v. *Garver, supra; Evans* v. *State,* 67 Ind. 68; *Sullivan* v. *O'Conner,* 77 Ind. 149; *Sutherlin* v. *State, supra.*

If the newly-discovered evidence would be merely cumulative, or could only serve the purpose of impeachment, or both, the fact that the party was surprised by the testimony of the witness proposed to be impeached or contradicted will not change the rule.

There is, however, another and a sufficient reason why the·

motion for a new trial was correctly overruled. The testimony of Davis was only material as bearing on the question of self-defence.

The appellant, as a witness in his own behalf, testified that when he fired the fatal shot the decedent was about seven steps away from him, had thrown at him his weapon, an ax, and was turning away from him. · The evidence otherwise also showed, without dispute, that the shot entered the back within an inch and a half of the spinal column and was cut from the breast in front where it had lodged just under the skin. One can not, after his enemy has cast away his weapon and turned to fly, kill him and successfully claim to have been acting in self-defence. This also disposes of the claim that the evidence is not sufficient to sustain the verdict.

Judgment affirmed.

Filed Dec. 9, 1891.