Reinhakd, J.
This is an appeal from a judgment of conviction for the sale of intoxicating liquor on Sunday. There was a motion for a new trial, which was overruled and an exception taken. The appellant’s only contention is that the evidence does not support the ■finding. It is insisted that the evidence shows that the. liquor was sold and drunk for medicinal purposes. We have examined the evidence, and find that it is sufficient to sustain a conviction. The appellant testified that he *361 sold the liquor for medicinal purposes. He also introduced other witnesses to corroborate him upon this point. The person to whom the liquor was sold testified that he called for a drink of whisky in appellant’s saloon, on a Sunday in December last; that the appellant set it out to him, and that he paid him for it. He stated that he said nothing to Zapf, at the time, as to the purpose for which he wanted the liquor, but that he had told him previously, when he purchased whisky of him, that he was taking it for weak lungs. He also testified that he had had an attack of the grip, but that this had been long before that time, and that he did not know whether he had entirely recovered from it or not. He stated that he was not sick at the time, but was. not feeling as well as he had felt. It did not appear that appellant made any inquiry of the witness at the time of the sale concerning the purpose for which he wanted the liquor. It also appears that others were in the saloon and restaurant of the appellant, drinking liquor at the time of the occurrence of this transaction, and that appellant sold liquor to such persons without inquiring whether they wanted it for a beverage or for medicinal purposes.
It is conceded by appellant’s counsel that proof of the sale of the liquor made a prima facie case against the appellant, and that if the appellant would avoid a conviction on the ground that it was sold for any other purpose than to be drank as a beverage, this was a matter in defense of the prosecution. Doubtless this is the law. Courts must take judicial notice that whisky is sold in saloons to be drank as a beverage, and when such a sale is proved as having been made on Sunday, and in the ordinary mode, nothing being at the time said as to what the liquor is to be used for, it establishes a prima facie case against the defendant under the statute. Whether there is sufficient countervailing evidence to *362 raise a reasonable doubt as to tbe. purpose for which the liquor was sold is a question for the trial court or jury. Morel v. State, 89 Ind. 275; Gillett Crim. Law, section 1017.
Filed Dec. 13, 1894.
We can not say, in the present case, that the uncontradicted evidence shows that the liquor was sold for medicinal purposes.
Judgment affirmed.