## KELLY *v.* LAWSON.

[No. 5,859. Filed March 13, 1907.]

1. APPEAL.—*Trial.—Motion to Dismiss.—Independent Assignment.—New Trial.*—Where the circuit court sustained a motion to dismiss an appeal from the board of commissioners, the losing party should assign such ruling independently as error on appeal, a motion for a new trial in such case being improper. p. 616.

2. SAME.—*From Boards of Commissioners.—Transcript.—Duty to Furnish.*—The filing of an appeal bond with the county auditor requires him to file a transcript of the designated case with the clerk of the circuit court, and the duty to enforce this requirement is upon the appealing party. p. 616.

3. SAME.—*From Boards of Commissioners.—Laches.*—A delay, by the county auditor, for fourteen months, in the filing of a transcript on appeal from the board of commissioners, constitutes such laches on appellant's part, where he occasioned the delay, as will justify the circuit court in dismissing the appeal. p. 617.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Appeal by Samuel P. Kelly from an order of the board of commissioners allowing John W. Lawson a claim. From

an order of the circuit court dismissing the appeal, appellant again appeals. *Affirmed.*

*Ward H. Watson* and *L. A. Douglass,* for appellant.

*M. Z. Stannard* and *Perry E. Bear,* for appellee.

RABB, J.—The appellant is a taxpayer of Bethlehem township in Clark county, and the appellee is the contractor for the construction of a free gravel turnpike in said township, under the provisions of the act of the legislature approved March 11, 1901 (Acts 1901, p. 449, §6899 *et seq.* Burns 1901). The record shows that at the September term, 1903, the appellee presented to the Board of Commissioners of the County of Clark the sworn report of the superintendent and engineer of said road, showing that the road had been completed according to the terms and specifications of the contract, "with the advised changes," and asked that the board accept the road; that the appellant appeared before the board as a taxpayer, and moved to reject the report of said superintendent and engineer, for the reason that it failed to show that the road had been completed in accordance with the terms of the contract, on account of the use of the phrase "with the advised changes" being contained in said report; that said motion was overruled, and appellant filed objections in writing to the acceptance of said road by the board, because the same was not completed in accordance with the plans and specifications of the contract, and set forth specifically wherein the contract had not been complied with. The matter in issue was tried by the board, and determined adversely to the appellant, and an order entered duly accepting said road as fully completed in accordance with said plans and specifications. An appeal was prayed from the order by appellant, who, on October 1, 1903, filed his appeal bond with the county auditor, which was approved by him, and on November 29, 1904, a transcript of the proceedings was filed by the auditor in the office of the clerk of the Clark Circuit Court.

In the circuit court the appellant renewed his motion to reject the statements of the superintendent and engineer made before the board. The appellee interposed a motion to dismiss the appeal, and filed in support of the same the affidavit of his attorney, showing that after the filing of his appeal bond, on October 1, 1903, the appellant took no further steps to perfect his appeal until the transcript was filed in the clerk's office on November 29, 1904. In the meantime, on September 10, 1904, the affiant, as counsel for appellee, appeared before said board of commissioners in behalf of his client, and made a showing, to the effect that the appeal prayed for by the appellant from the order of the board accepting said road had not been perfected by filing a transcript of the record in the clerk's office of the Clark Circuit Court, as required by law, and that thereupon said board made an order requiring that the balance due appellee on said contract of $2,902 be paid him on his filing with the county auditor an indemnifying bond, etc. The appellant, in opposition to the motion to dismiss the appeal, filed the affidavit of George W. Badger, who is shown to have been the auditor of Clark county at the time appellant took his appeal from the decision of the board of commissioners, heretofore referred to, showing that a short time after the appeal was taken an attorney for appellant and an attorney for appellee were present in said auditor's office, and the question of making out the transcript on said appeal was discussed between the attorneys and the auditor. One of the appellant's attorneys said to the auditor, in the presence and hearing of an attorney for appellee, that the auditor did not have to include everything pertaining to the case in the transcript, but that they, referring to the two attorneys, would agree upon a form of skeleton memorandum indicating what was to be included in the transcript, to which appellee's attorney expressed no objection, and that it was understood by the auditor that the attorneys for the parties were to agree and furnish him with said skeleton

memorandum, and until that was done he need not prepare any transcript on appeal; that no such memorandum was furnished him while he remained in office.

The motion to dismiss the appeal was sustained, and this ruling of the court presents the only question properly before this court. Appellee makes the point that this

1.    question can only be raised by a motion for a new trial, and cannot be raised for the first time in this court by assignment of errors, and cites in support of his contention the case of *Walls* v. *Anderson, etc., R. Co.* (1877), 60 Ind. 56. Where no trial was ever had, a motion for a new trial would be neither necessary nor proper to raise any question.

In this case the appeal was dismissed without a trial, and the ruling of the court dismissing the appeal was properly assigned as error. The statute granting a party the

2.    right to appeal from the decision of the county board to the circuit court imposes upon him the duty of prosecuting his appeal to effect, and he is required to give bond conditioned, among other things, that he will do so. The law requires the auditor to make out and file with the clerk of the circuit court a transcript of the record of the proceedings in which the appeal is taken, within twenty days from the filing of the appeal bond. §4225 Burns 1901, §3244 R. S. 1881. It has been repeatedly held that the failure of the auditor to comply with this provision of the statute will not deprive the party of his right to an appeal. Upon filing his bond he has a right to the appeal, and, in order to comply with the conditions of his bond to prosecute his appeal to effect, it is his duty to enforce that right, and, if the auditor fails to discharge his duty in the premises, the party taking the appeal has an ample remedy to compel its performance, and he must do nothing that will stay the hand of the officer in the performance of his duty. The case is not in the circuit court until the transcript is filed. The record shows that the transcript in this case

Coal Bluff Min. Co. *v.* Akers—39 Ind. App. 617.

was not filed for fourteen months after the appeal bond was filed with the auditor, and during all this time no steps were taken by appellant to require the auditor to file the transcript. On the contrary, it is shown by the auditor's affidavit that the delay in filing the transcript was caused by one of appellant's attorneys saying to him, in the hearing of one of appellee's attorneys, that they, the two attorneys, would agree upon what the transcript should contain, and furnish him with a memorandum to guide him in making out the transcript, and that the memorandum was never furnished to him.

It was no part of the appellee's business to see to it that a proper transcript was made and filed. This obligation rested primarily on the auditor and secondarily on the appellant, and, under the showing made, the neglect of the auditor is to be attributed to the appellant. We think appellant was guilty of laches in perfecting his appeal, and there was no error in dismissing it.

Judgment affirmed.

Watson, J., not participating.