Marshall v. Mathers.

No. 12,055.

MARSHALL v. MATHERS.

PROMISSORY NOTE.—*Discharge of Surety.*—*Notice to Sue.*—*Pleading.*—To a complaint on a promissory note, an answer by a surety, alleging that after the note became due he notified the plaintiff to institute suit thereon, but failing to allege that the plaintiff did not bring suit as required, and not averring any other fact as a reason for the defendant's release from liability, is bad on demurrer, an averment that the defendant was so released being a mere conclusion of law.

SAME.—*Evidence.*—*Issues.*—Evidence, incidentally given, but not applicable to any issue formed on the pleadings, can not be taken into consideration in determining whether the finding was right upon the evidence.

NEW TRIAL.—*Impeaching and Cumulative Evidence.*—As a general rule, a new trial will not be granted simply to let in newly discovered impeaching evidence; nor will the discovery of merely cumulative evidence be sufficient ground for a new trial.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellant.
*J. W. Buskirk* and *H. C. Duncan*, for appellee.

NIBLACK, J.—Suit by Sallie R. Mathers against Samuel A. Smith, Solomon Green and Robert Marshall upon a promissory note for two hundred dollars, dated October 14th, 1878, and payable five months after date.

Smith was not served with process. Green and Marshall, appearing to the action, demurred to the complaint, but their demurrer was overruled. They then answered:

*First.* Denying the execution of the note, upon the theory that the instrument sued on had been materially changed after they had signed it.

*Second.* That they, the said Green and Marshall, had signed the note as sureties for their co-defendant Smith, and not otherwise, which fact was well known to the plaintiff; that one Henry C. Rhorer was the duly authorized and acting agent for the plaintiff, managing and attending to her business, and having special charge of the taking and the collection of the note in suit; that in the year 1879, after the note

became due, the said Smith, the principal therein, being then about to leave the county of Monroe and State of Indiana, and being then engaged in making arrangements to emigrate to the State of Kansas, they, the said Green and Marshall, notified the plaintiff, and the said Rhorer as her agent, to cause suit to be instituted upon said note; that the plaintiff, and the said Rhorer as such agent, waived the putting of the said notice in writing, and agreed that the verbal notice so given was sufficient, and also agreed to release them, the said Green and Marshall, from any further liability on said note, and did then and there release them from any such liability on the same, and agreed to take said Smith for said note.

A demurrer was sustained to this second paragraph of the answer, and the circuit court, after hearing the evidence, made a finding in favor of Green, and against Marshall, and rendered a separate judgment against the latter for a balance found to be due upon the note.

It is first complained that the demurrer ought to have been sustained to the complaint. There was some informality and uncertainty in the complaint; but we do not regard it as having been fatally defective upon demurrer for alleged substantial insufficiency.

It is next complained that the demurrer was wrongfully sustained to the second paragraph of the answer. This paragraph, as has been seen, failed to aver that the appellee did not bring suit upon the note as she was orally required to do, and did not allege any other fact as a reason for the appellant's release from liability on the note. The averment that the appellant was so released was a mere conclusion of law, when taken in connection with the context. The *facts* averred did not, therefore, constitute a defence to the action. In the case of *Harris* v. *Brooks*, 21 Pick. 195, cited by counsel, the facts which were held to be sufficient to discharge the surety were distinctly stated. The facts, so far as *facts* were averred in the paragraph before us, do not make a case in all essential respects parallel with that case, nor even analogous

to it. In that case, the surety offered to take up the note after it became due, but the creditor would not permit him to do so. We have not, consequently, considered whether that case affords a precedent which ought to be followed by this court in a substantially similar case.

It is still further complained that the finding of the circuit court, as against the appellant Marshall, was contrary to the evidence, and that a new trial ought to have been granted for newly discovered evidence.

As applicable to this branch of the case, it may be said, in the first place, that there was evidence tending to establish certain declarations and conduct on the part of the appellee, occurring after the appellant signed the note, which he claims were sufficient to discharge him from liability as surety thereon, and on that ground it is argued that the finding was contrary to the evidence. But this evidence came out rather incidentally, and was not applicable to any issue formed upon the pleadings. It can not, therefore, be taken into consideration in determining whether the finding was right upon the evidence. *Brown* y. *Will*, *ante*, p. 71.

It was shown by the evidence that when Smith, the principal, signed the note, it was dated July 5th, 1878, and that the date was afterwards changed to October 14th, 1878. It was also admitted that other alterations were made in the note at or about the time the date was changed. As affecting the appellant's liability upon the note, the important question at the trial became, whether the proven and admitted alterations were made before or after he signed it. As incidental to that question, the precise time at which the appellant signed the note became a subject of inquiry and of conflicting evidence. Rhorer, the appellee's agent, testified to having procured the appellant's signature to the note, and that it was somewhere from one to two weeks after the 14th day of October, 1878, when the appellant signed it, at Bloomington, in this State. The appellant as a witness in his own behalf stated that he left the State of Indiana on the 15th

day of October, 1878, and remained out of the State for nearly two years. In this respect he was corroborated by other evidence.

It was proposed to prove by one witness, as newly discovered evidence, that Rhorer had made admissions, previous to the trial, inconsistent with his testimony as herein above stated, and by other witnesses facts and circumstances tending to show that Rhorer must have been, and in fact was, mistaken as to the time of the signing of the note by the appellant.

The alleged newly discovered evidence was consequently either impeaching or cumulative. As a general rule a new trial will not be granted simply to let in impeaching evidence, and we see nothing in this case to make it an exception to that general rule. It is, also, a well established rule that the discovery of merely cumulative evidence is not sufficient ground for a new trial. See Works Ind. Prac., sections 922, 923; *Sullivan* v. *O'Conner*, 77 Ind. 149; *Lefever* v. *Johnson*, 79 Ind. 554; *Hines* v. *Driver*, 100 Ind. 315.

The judgment is affirmed, with costs.

Filed Oct. 30, 1885.