The Pennsylvania Company v. Nations.

12,770.

# The Pennsylvania Company v. Nations.

Evidence.—*Declarations of Agent.*—Declarations of a time-keeper, within the line of his employment, are admissible in evidence against his principal.

New Trial.—*Newly Discovered Evidence.—Cumulative.—Impeaching.*—A new trial will not be granted on the ground of newly discovered evidence where the latter is merely cumulative, or tends to impeach evidence previously given, nor where a sufficient excuse is not shown for failing to produce the evidence at the first trial.

From the Owen Circuit Court.

*S. O. Pickens,* for appellant.

*J. C. Robinson* and *I. H. Fowler,* for appellee.

Mitchell, J.—Calvin F. Nations, George W. and Isaac A. Bledsoe sued the Pennsylvania Company to recover upon an alleged contract for the use of two portable steam-engines and for the services of two engineers. The plaintiffs claimed that the company engaged the engines and engineers in its service at the agreed price of ten dollars per day, and that the engines and engineers had served it for the period of forty-five days, for which service a specified sum remained due to Nations individually, and another sum to Bledsoe & Bledsoe. Nations recovered sixty dollars. As to the Bledsoes, the finding was for the company.

There was a dispute as to the time the engines were employed. The company claimed that it contracted with the parties jointly, or, rather, that it had contracted with Bledsoe for both engines, and that it had paid him a gross sum sufficient to liquidate its obligation under the contract.

What purports to be a bill of exceptions recites that one of the Bledsoes, while testifying as a witness, was asked to state what a Mr. Yockey, the company's foreman and time-keeper, told him as to the number of days the plaintiffs' engines had been engaged in the company's service, and the amount due them under the agreement. Over objection, the

witness was permitted to answer that Yockey told him that the engines had been employed a given number of days, and that a given amount remained due as he understood the contract.

It is said that the company can not be bound by the declarations of its agent.

The bill of exceptions upon which the question is made is a mere recital by the court, in its own language, in narrative form, of what purports to be the substance of the questions and answers objected to, and the rulings thereon.

This method of presenting a question upon evidence is not approved. We are unable to ascertain from the bill how, or in what connection, or the circumstances under which, the conversation between Yockey and Bledsoe was had. For all that appears, Bledsoe may have been directed by the company to apply to its time-keeper to ascertain the time his engines had been employed, and the amount appearing to be due. If Yockey was the company's time-keeper, as we infer he was, appointed and authorized to keep the plaintiffs' time and the state of their accounts, it must be implied that he was authorized to give them information on that subject. That was in the line of his employment, and a communication from him to the plaintiffs, or either of them, upon that subject, while engaged about that business, was, in effect, a communication from the principal.

What the time-keeper said about his understanding of the contract may not have been competent. If that part of the conversation had been objected to separately, or if a separate motion had been made to strike that part of the answer out, the question might require further consideration. So much of the conversation as related to the time the engines had been employed, and what was said by the time-keeper concerning making out the time and pay-rolls, was not, so far as can be determined from the bill of exceptions, objectionable.

Some other questions concerning the overruling of objections to the admission of evidence on the plaintiffs' behalf are discussed. We have considered these questions, and are of opinion that the court committed no error in the rulings complained of. The method in which the questions are presented in the bill of exceptions, already remarked upon, is such as not to require us to state or consider them more fully.

The only remaining question relates to the refusal of the court to grant a new trial on account of newly discovered evidence.

The evidence which was claimed to have been newly discovered consisted of a letter written by one of the Bledsoes to Mr. Spence, who negotiated the contract on behalf of the company with the plaintiffs. The letter was written pending the negotiations for the hiring, and the claim is that it strongly corroborates the testimony of Mr. Spence, which was to the effect that he contracted with the Bledsoes for two engines, and not that the Bledsoes should furnish one and Nations one, as the plaintiffs below claimed the fact to be.

There are two sufficient reasons why the ruling of the court can not be disturbed. One is, the evidence, if admitted, would simply be cumulative upon a subject concerning which the plaintiffs testified one way and witnesses for the defendant testified the other. The letter might afford some circumstantial corroboration of the defendant's witnesses; it might also tend in some slight degree to impeach the evidence of the writer of the letter; but a new trial will not be granted where the newly discovered evidence is merely cumulative, or tends only to impeach evidence previously given. *Marshall* v. *Mathers*, 103 Ind. 458; *DeHart* v. *Aper*, 107 Ind. 460; *Sutherlin* v. *State*, 108 Ind. 389.

The other reason for approving the ruling of the court is, there is no sufficient excuse shown for not having produced the letter, or for not having made any effort to prove its contents, at the first trial. That the witness had forgotten, or did not suppose that he had preserved, the letter until he accidentally

discovered it after the trial, was no excuse for not having looked for it before.

Judgment affirmed, with costs.

Filed May 28, 1887.