## ZIMMERMAN v. WEIGEL.

[No. 19,807.    Filed April 11, 1902.]

NEW TRIAL.—*Newly Discovered Evidence.*—*Complaint.*—A complaint for a new trial of an action to recover for drilling a well, on the ground of new evidence discovered after the term at which the final judgment in the main action was rendered, disclosed that the principal controversy in the trial was as to whether the well had been drilled into the rock, and as to whether a two-inch pipe would be sufficient to furnish an ample supply of water free of sand; the facts upon which the testimony of two of the witnesses was based were obtained some time after the trial, at the instance of appellant, in drawing out the casing from the well; the facts proposed to be shown by the other witness were matters with which he was familiar at the former trial. The latter witness testified at the former trial, and was cross-examined by complainant. The excuse given for not discovering before the former trial the facts which he proposed to show by the other witnesses was that he was informed by well drillers that the casing could not be drawn. *Held,* that the complaint does not present a sufficient showing of diligence.

From Grant Superior Court; *Hiram Brownlee,* Judge

Action by Abraham Zimmerman against John E. Weigel for a new trial on the ground of evidence discovered after the term at which final judgment in the main action was rendered. From a judgment on demurrer to the complaint, the complainant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*W. S. Marshall* and *W. Paulus,* for appellant.
*P. B. Manley,* for appellee.

JORDAN, C. J.—Appellant instituted this action under §572 Burns 1901, §563 Horner 1901, by a complaint, to obtain a new trial on the ground of new evidence discovered after the term at which the final judgment in the main action was rendered, and within one year from said date. A demurrer to the complaint was sustained for insufficiency of facts, and judgment was rendered against appellant on de-

murrer, from which he appeals, and assigns as error the sustaining of appellee's demurrer to his complaint. The pleading discloses that the main action in which the new trial is sought was commenced by appellee against appellant in February, 1899, and was finally tried and determined in January, 1900. By this action appellee sought to recover for drilling or constructing a two-inch pipe well for appellant, and to enforce a mechanic's lien. The trial resulted in a judgment for $76.75 and a denial of the foreclosure of the mechanic's lien. The action was founded on a written contract. Appellant denied the averments of the complaint, and also tendered, by answer, a special issue, to the effect that appellee had not, as agreed, constructed what was termed a "rock well", and thereby obtained for him "rock water", because the well, as alleged, had not been drilled into rock, and, further, that he had not consented that the contract in suit might be changed so as to provide for a two-inch pipe instead of a three-inch pipe. The facts, principally controverted at the trial, apparently were as to whether the pipe in the well had been driven down into rock, and as to whether a two-inch pipe would be sufficient to furnish an ample supply of water free of sand. In respect to these questions it seems that much evidence was introduced pro and con by the respective parties. The newly discovered evidence upon which appellant bases his right to a new trial consists of alleged facts which he proposes upon another trial to establish by three witnesses, viz.: Roher, Carroll, and Vawter.

It is disclosed that the evidence which Roher and Carroll proposed to give relates to the construction of the well and the character of its casing; that the pipe in question did not extend into the rock. These alleged facts, it seems, were ascertained by these witnesses some time after the trial, when engaged, at the instance of appellant, in drawing or taking out the casing. It is disclosed that after the trial, in order to determine the true condition or character of the casing, and also for the purpose of ascertaining whether the

water from the well was "rock water", by reason of the well having been drilled into rock, appellant secured Roher and Carroll to lift or draw the casing from this well, and in so doing they ascertained the facts which appellant proposes to prove by them in the event he is granted a new trial. The main action, as previously stated, was commenced in February, 1899, and a trial therein was had in January, 1900. The well, it appears, had not been in use since May, 1899, and the only excuse which appellant offers for not ascertaining or discovering before the former trial the facts which he proposes to show by these witnesses in respect to the manner in which the well had been constructed is, that he did not attempt to draw the casing before the trial, as he subsequently did, because he had been informed by well drillers that a two or three-inch casing could not be lifted or drawn from the well.

In regard to the witness Vawter, it appears that he assisted the appellee in drilling the well, and what is proposed to be shown by him are matters with which he was familiar at the former trial. He was a witness at the trial, and testified in behalf of appellee, and was fully cross-examined by appellant. In respect to this witness the complaint alleges that he "did not know and could not have known by due diligence on the former trial that said Vawter would testify to said facts, as he was the defendant's witness, and this plaintiff believed he had testified to all the facts he knew relating to said well; that this plaintiff did not know at the time of the trial of said cause that he could prove the same by him."

It has been repeatedly affirmed by the decisions of this court that the law unfavorably regards an attempt to reopen a case on the ground of newly discovered evidence, and under no circumstance in such cases will the court grant a new trial unless the applicant clearly and unequivocally, both in his pleading and in his proof, shows that he exercised due diligence in his efforts to procure, at the first trial,

the evidence in question. The reasonable presumption which must be indulged against him is that he could in due time have discovered the evidence by the use of proper means, and such presumption can only be rebutted by a satisfactory showing to the contrary, particularly stating the means employed. *Hines* v. *Driver,* 100 Ind. 315, and cases cited; *Ward* v. *Voris,* 117 Ind. 368; *Schnurr* v. *Stults,* 119 Ind. 429; *McDonald* v. *Coryell,* 134 Ind. 493; *Osgood* v. *Smock,* 144 Ind 387; *Davis* v. *Davis,* 145 Ind. 4; *East* v. *McKee,* 14 Ind. App. 45.

Ruled by the principles asserted and enforced in the cases cited, and the complaint before us must be held bad for the reason alone that it does not sufficiently show that appellant exercised such a degree of diligence in endeavoring to secure the evidence before the former trial as the law exacts. In respect to the witness Vawter, it appears that he assisted appellee in constructing the well, and testified in his behalf at the former trial, and was cross-examined by appellant. Certainly a diligent person, under the circumstances, would have inquired of him what he knew about the controverted facts relating to the casing of the well, the depth to which the latter had been drilled, and as to whether rock had been penetrated by the drill, and, in general, all which was germane to appellant's defense. This, it appears, he neglected to do, although the opportunity for such inquiry was fully presented. The mere fact that he neglected to make the examination before the trial which he thereafter made, in regard to the casing or pipes, and the manner in which the well had been constructed, for the reason that some well drillers had informed him that the casing could not be drawn, certainly, under the circumstances, can not be accepted as sufficiently excusing the absence of diligence in not making the examination before the trial, and thereby discovering the evidence in question. Without considering the question as to whether the proposed evidence is merely cumulative, and what its probable effect would be in chang-

ing the result reached at the former trial upon another hearing, we conclude that the complaint is bad alone upon the ground that it does not present a sufficient showing as to diligence, and therefore the demurrer was properly sustained.

Judgment affirmed.