## HOOVER *v.* PATTON ET AL.

[No. 19,835.    Filed May 21, 1902.]

TRIAL.—*Rejection of Evidence.*—*Offer to Prove.*—Available error cannot be predicated upon the action of the court in excluding an answer to a question propounded to a witness, where the party offering the evidence failed to state the facts expected to be elicited by the question asked, until after the objection to the question had been decided by the court.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by James F. Hoover against Edward Patton and another for damages for personal injuries. From a judgment for defendants, plaintiff appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*V. A. Livengood, A. T. Livengood, M. E. Clodfelter* and *H. N. Fine*, for appellant.

*B. Crane, A. B. Anderson* and *S. J. Newlin*, for appellees.

DOWLING, J.—The only errors complained of on this appeal are the rulings of the trial court excluding cer-

tain evidence offered by the appellant. In every instance the appellant failed to state the facts expected to be elicited until after the objection to the question had been decided by the court. The proper practice in such cases has often been announced. The rule is thus stated in *Gunder* v. *Tibbits,* 153 Ind. 591, by Baker, J.: "It has been repeatedly decided that the only proper practice is to propound the question to the witness on the stand, and, if objection to the question is made, to state to the court what the examiner proposes to prove by the witness's answer to the question, and then, if the objection is sustained, to reserve an exception to the ruling on the question."

In the present case the question was asked by counsel for appellant, counsel for appellee objected to the question, the court sustained the objection, and appellant excepted to this decision. He then stated what he expected to prove by the witness in answer to the question, the court held the evidence inadmissible, and the appellant again excepted. The offer to prove should have been made when the question was objected to, and before any ruling upon the objection by the court.

As no exception to the rulings of the court was properly reserved, the record presents no question which we can review.

Judgment affirmed.