## CHICAGO, INDIANA AND EASTERN RAILWAY COMPANY v. LINN.

[No. 3,996. Filed November 25, 1902.]

TRIAL.—*Instructions.*—*Harmless Error.*—Error in giving or refusing to give instructions as to the effect of the delivery of a deed which was placed in escrow under certain conditions was harmless, where the jury found that the conditions set out in the instructions did not exist. *pp. 91, 92.*

SAME.—*Evidence.*—*Objection.*—*Exception.*—In order to save an exception to the ruling of the court excluding an answer to a question propounded to a witness, a statement must be made to the court of the testimony the witness would give if permitted to answer the question, before a ruling is made on such objection, and an exception reserved to the ruling at the time it is made. *Breedlove* v. *Breedlove,* 27 Ind. App. 560, overruled. Roby, C. J., dissents. *pp. 92, 93.*

From Miami Circuit Court; *J. T. Cox,* Judge.

Action by Frank Linn against the Chicago, Indiana & Eastern Railway Company for the unlawful appropriation of real estate. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Steele, Lett & Steele, John Mitchell* and *W. B. McClintic,* for appellant.

*S. L. Strickler, J. F. Lawrence, D. E. Rhodes,* and *S. A. Dentler,* for appellee.

HENLEY, J.—This cause originated in the Grant Circuit Court, where there was a trial and verdict in favor of appellee. Appellant's motion for a new trial was sustained by the Grant Circuit Court. On the affidavit and motion of appellant the venue was changed to the Miami Circuit Court, where there was a trial, verdict, and judgment in favor of appellee in the sum of $1,200. Appellee's action was to recover damages for the unlawful appropriation of his real estate by the appellant. The complaint was in two paragraphs, the sufficiency of which is not questioned. Appellant answered by general denial. This completed the issues.

The facts out of which this controversy arose are as follows: The Xenia Real Estate Company was the owner of the parcels of land in controversy, and by warranty deed conveyed the same to Harry J. Smith and Frank Linn. Smith & Linn were engaged in the manufacture of buggies. They became financially embarrassed and made a general assignment of all their property, both real and personal, to one William Baldwin. This assignment included the parcels of land conveyed to them by the Xenia Real Estate Company, and known as lots one and two in Park addition to the town of Xenia, now Converse, in Grant county, Indiana. The said Baldwin, as assignee of the firm of Smith & Linn, by order of the court, sold said lots one and two, to one Edwin W. Tucker, and which sale was approved by the court and the deed of conveyance to the aforesaid real estate was executed to the said Tucker on the 9th day of February, 1895. The said Tucker and wife conveyed the said lots by quitclaim deed to the appellee Frank Linn. It is by these several deeds of conveyance that the appellee claims title to the real estate appropriated by appellant. Appellant bases its right to said real estate through a deed made on the 10th day of March, 1897, by Edwin W. Tucker and wife to Richard M. Crouch and wife, who on the 10th day of October, 1899, conveyed said lots

to appellant by quitclaim deed. The deed made by Tucker and wife to appellee on the 9th day of February, 1895, was not recorded in the recorder's office of Grant county, Indiana, until some time during the fall of 1899, and more than two years after the execution of the deed of Tucker and wife to Crouch and wife. It is shown by uncontradicted evidence that the deed from Tucker and wife to Crouch and wife was signed by the grantors under a written agreement that the same should be placed in escrow, and should not be delivered to the grantees until the performance of certain conditions named in said written contract. It was one of the disputed questions of fact as to whether or not these conditions were performed; appellant contending that the conditions had been performed, and appellee contending that the grantees in said deed procured the same without the consent of the grantors or of the party holding the same, and without the performance of any of the conditions upon which the delivery depended.

The general verdict of the jury necessarily found that all the material allegations of appellee's complaint were true, and necessarily found as a part thereof that appellee was the owner of the real estate appropriated by appellant. With the general verdict the jury found facts specially by way of answers to interrogatories, which facts were in substance as follows: That appellee had possession of the real estate in controversy at the time the appellant entered thereon; that the Xenia Real Estate Company conveyed by warranty deed the title to said real estate to Harry J. Smith and Frank Linn in January, 1892; that the said Smith and Linn, by deed of assignment, conveyed the title to the said real estate to William Baldwin, trustee, on September 13, 1892; that Baldwin, as trustee, and by order of the Grant Circuit Court conveyed the title to said lots to Edwin W. Tucker, March 6, 1893, and that the said Tucker and wife conveyed the title to said lots by deed to appellee on the 9th day of February, 1895, and that the appellee was

the owner of the fee simple title to said lots at the time of the commencement of this action, and that appellant knew of appellee's title to said lots before its entry thereon. The jury further found that the deed from Tucker and wife to Crouch and wife was placed in escrow with Samuel L. Strickler, and that the possession of said deed was procured by the said Richard M. Crouch from said Strickler without the knowledge or consent of the said Edwin W. Tucker, and that the said Richard M. Crouch did not comply with the conditions under which said deed was placed in escrow; that the appellant entered upon and appropriated the said lots for railroad purposes without the authority or consent of appellee, and without paying or tendering appellee, or any one in his behalf, any amount of money on account of its said entry and appropriation, and without instituting any legal proceedings by which to obtain authority for such entry and appropriation, and that the said entry and appropriation of said lots by appellant render them valueless to appellee.

With these findings before us, we will proceed to determine whether the errors, if any, in the trial court, and brought to our attention by counsel for appellant, have been harmful. The first alleged error of the trial court was the giving to the jury instructions numbered seventeen, twenty-two, and twenty-three. Each of these instructions stated to the jury practically the same rule in different forms. They were all to the effect that a deed which has been surreptitiously and fraudulently obtained from the grantor without his knowledge or consent, does not, even as against a subsequent purchaser without notice, transfer title. It is not necessary that we hold that the instructions complained of stated the law, because in this case the jury found that the appellant had notice of appellee's title before it took the deed from Crouch and wife, and for the further reason that the trial court, by its instruction numbered twenty-four, corrected the alleged errors, if any, in instructions numbered seventeen, twenty-two, and twenty-three.

Instruction numbered two, asked by the appellant and refused by the court, was as follows: "A deed which has been surreptitiously obtained from the grantor without his knowledge or consent does not, as a general rule, transfer title; but a deed made by a grantor, and placed in escrow to be delivered to the grantee upon the performance of certain conditions, and which has been obtained from the party in whose possession it was placed, by untruthful statements, and afterwards the condition upon which the deed was delivered was performed, and the grantor does not demand the possession of the deed, nor take any steps to recover the possession of the same, said deed will be effectual to convey title." This instruction ought to have been given. It stated a correct rule of law applicable to the issues and evidence. *Connell* v. *Connell,* 32 W. Va. 319, 9 S. E. 252; *Blight* v. *Schenck,* 10 Pa. St. 285, 51 Am. Dec. 478; 11 Am. & Eng. Ency. Law (2d ed.), 350. But appellant was not harmed by the failure to give the instruction, because the jury found that Crouch and wife did not comply with the conditions upon which the deed was placed in escrow, and that the grantor demanded its return.

All the other questions argued by counsel for appellant arise upon the rulings of the court upon the admissibility of evidence. It is contended that the trial court erred in sustaining appellee's objection to the following question propounded by appellant to its witness Grook upon his direct examination: "At the time you sold to the railroad company, what reservation, if any, did you make on the property?" Appellee's objection to the question was sustained, and excepted to, after which appellant made its offer to prove. It has been often decided by the Supreme Court of this State that in order to save an exception to the ruling of the court excluding an answer to a question propounded to a witness, a statement must be made to the court of the testimony the witness would give if permitted to answer the question, *before a ruling is made on such ques-*

*tion,* and an exception reserved to the ruling at the time it is made. *Shenkenberger* v. *State,* 154 Ind. 630; *Siple* v. *State,* 154 Ind. 647; *Whitney* v. *State,* 154 Ind. 573; *Gunder* v. *Tibbits,* 153 Ind. 591; *Bischof* v. *Mikels,* 147 Ind. 115; *Shepard* v. *Goben,* 142 Ind. 318; *Miller* v. *Coulter,* 156 Ind. 290; *Rinkenberger* v. *Meyer,* 155 Ind. 152; *Menaugh* v. *Bedford Belt R. Co.,* 157 Ind. 20; *Pittsburgh, etc., R. Co.* v. *Martin,* 157 Ind. 216; *Dunnington* v. *Syfers,* 157 Ind. 458; *Hoover* v. *Patton,* 158 Ind. 524; *Hart* v. *Miller,* 29 Ind. App. 222. The case of *Breedlove* v. *Breedlove,* 27 Ind. App. 560, seems to be in direct conflict with the rule here announced, and is, to that extent, overruled.

Other questions argued by counsel for appellant, arising upon the admission of certain evidence, are without merit when examined in the light of the facts found by the jury. The cause seems to have been fairly tried and determined.

Judgment affirmed.

Black, Robinson, and Wiley, JJ., concur. Roby, C. J., dissents. Comstock, J., Absent.