# JULIA UPTON v. MABEL B. MERRIMAN and Another.[1]

December 29, 1911.

Nos. 17,352—(148).

**New trial — newly discovered evidence.**

Before a new trial will be granted on the ground of newly discovered evidence, it must be made to appear positively, and not merely as a matter of conjecture and speculation, that evidence may be produced which is material upon an issue determined on the former trial adversely to the moving party.

**Affirmance on appeal — wrong reason for right decision.**

Although on appeal it is held that a new trial was improperly granted upon one ground, if it should appear from the record that it would have been error for the trial court to refuse a new trial on one or more of the other grounds stated in the motion, the order granting a new trial would be affirmed.

**Error in granting new trial.**

*Held*, a new trial was improperly granted in this case.

Action in the district court for Hennepin county by the widow of Charles H. Upton, deceased, to set aside a deed of certain real property which at the time of her marriage to him was owned and occupied by him as a homestead, and for $1,500 damages. The complaint alleged upon information and belief that the deed was never delivered to the grantee; that it contained no legal or adequate description of any property; that a certain interlineation was made by defendants in the deed with the intent to deprive plaintiff of her interest in the premises. The substance of the amended answer of defendant Mabel B. Merriman is found in the second paragraph of the opinion. The reply was a general denial.

The case was tried before Waite, J., who made findings and as conclusions of law found that, at the time of the execution and delivery of the deed, Charles H. Upton held in his own right only a

[1] Reported in 133 N. W. 977.

[Note] Bill of review for newly discovered evidence, see notes in 4 L.R.A. (N.S.) 865; 30 L.R.A.(N.S.) 1030.

life estate in the premises and held the remainder in fee in trust for the five children of himself and Anna Maria Upton; that plaintiff was not the owner of any estate or interest in the premises, and was not entitled to any relief; that defendant Harry Merriman was entitled to judgment dismissing the action; that defendant Mabel B. Merriman was entitled to judgment decreeing her to be the owner of an undivided one-fifth of the property, and entitled to immediate possession; that she was not entitled to the other relief asked for in her answer. From an order granting plaintiff's motion for a new trial, defendant Mabel B. Merriman appealed. Reversed.

*Charles G. Laybourn* and *Spooner, Laybourn & Lucas,* for appellant.

*S. R. Child* and *Benjamin Drake,* for respondent.

SIMPSON, J.

This action involves the title to real estate, consisting of the rear two-thirds of two platted lots in the city of Minneapolis. The premises were the homestead of Charles H. Upton in his lifetime, and the plaintiff, his widow, claims a life estate in such homestead. She brought this action to establish her interest in the land, and to have canceled and annulled a certain deed, and the record thereof, executed by Charles H. Upton before his marriage to the plaintiff, purporting to convey these premises to the defendant Mabel B. Merriman, formerly Upton. The plaintiff claims this deed was void because: It was never delivered, it described no property, was without consideration and fraudulent as to plaintiff, and it had been fraudulently altered.

The defendant Mabel B. Merriman claimed title to the property, and as showing her title alleged in substance these facts: The property in question was owned by [her mother] Anna M. Upton, and occupied by her parents as their homestead. That, on the death of her mother, her father, Charles H. Upton, took a life estate therein, and she and her brothers the remainder of the fee title. At the time of the death of her mother, there was a mortgage on the property, made by Anna M. and Charles H. Upton. William Upton, a brother

of Charles H. Upton, procured an assignment of this mortgage, foreclosed it, bidding in the property in his name, and immediately following the sale executed a quitclaim deed, transferring the rights acquired through the foreclosure sale to Charles H. Upton for the express consideration of $2,656.05, the amount for which the premises were bid in at the foreclosure sale. After thus acquiring the record title to the property, Charles H. Upton, before his marriage to the plaintiff, executed and delivered to the defendant the deed sought to be annulled, intending thereby to convey the premises here involved to the defendant, reserving to himself a life estate therein. By mistake of the scrivener the block number was omitted from the description of the property in this deed. That Anna M. Upton had intended that this property should go to the defendant Mabel B. Merriman after the death of herself and her husband. After the death of Charles H. Upton, the words and figures "block twenty-three (23)" were inserted in the deed, and it was then recorded.

Upon the trial the court found to be true the foregoing facts, alleged by the defendant Mabel B. Merriman, and upon these facts, and the other facts found, based the conclusion of law that Charles H. Upton, at the time of the execution and delivery of the deed to Mabel B. Upton, now Merriman, held in his own right only a life estate in the described premises, and held the remainder of the fee in trust for the five children of himself and Anna M. Upton. That the plaintiff is not the owner of any estate or interest in the premises. That the defendant Mabel B. Merriman is entitled to a judgment and decree, as against the plaintiff, that she is the owner of an undivided one-fifth of the property, and is entitled to the immediate possession thereof. The court found in substance the additional facts:

That the words and figures "block twenty-three (23)" were inserted in said instrument wrongfully with the consent and by the procurement of defendant Harry Merriman, husband of defendant Mabel B. Merriman, but without the knowledge or consent of Mabel B. Merriman.

The defendant Mabel B. Merriman asked that the deed be re-

formed by supplying the block number in the description. The court did not adjudge such reformation of the deed. It thus appears that the trial judge based the defendant's adjudged ownership, not on the defective deed, but on her title as heir of Anna M. Upton.

The plaintiff moved for certain amendments to the findings of fact, and moved for a new trial on the grounds:

1. That the decision is not justified by the evidence.

2. That the decision is contrary to law.

3. Errors of law occurring at the trial and excepted to at the time.

4. Newly discovered evidence, material to plaintiff, which she could not, with reasonable diligence, have discovered and produced at the trial.

The two motions were heard at the same time and determined in the same order. By this order the motion for amendments was denied, and the motion for a new trial was granted on the fourth ground specified in the notice of motion, to wit: "Newly discovered evidence, material to plaintiff, which she could not, with reasonable diligence, have discovered and produced at the trial." The defendant Mabel B. Merriman appealed from the order granting a new trial.

The newly discovered evidence upon which the order for a new trial is based, as shown by the moving papers, is evidence tending to show that one Lambrecht, a business associate of the defendant Harry Merriman, made the alteration in the deed. This showing was made by the affidavits of an attorney for the plaintiff and an expert in handwriting, and was based on a comparison of the handwriting of Lambrecht with the writing of the inserted words in the deed. The plaintiff made no affidavit. The record does not directly disclose at what time subsequent to the filing of her complaint she may have learned of these facts, or what efforts, if any, she used prior to the trial to ascertain the facts with reference to the alteration of the deed.

The claimed discovery that Lambrecht made the alteration in the deed adds nothing to the finding, made by the trial court, that the deed was wrongfully altered by some person by the procurement and with the consent of the defendant Harry Merriman. The mov-

ing papers suggest, however, as a reason why a new trial should be granted because of this newly discovered evidence, that on such trial Lambrecht could be called as a witness and examined as to the circumstances under which the alteration in the deed was made, and the attorney for the plaintiff, in his affidavit, states that he verily believes that from such examination it will be made to appear that the defendant Mabel B. Merriman, as well as Harry Merriman, consented to the alteration of the deed. No affidavit or statement was made by Lambrecht as to what he might testify to, nor is it shown that any affidavit or statement from him had been requested.

It appears that an excursion is here made far into the realm of speculation as to what may be testified to at a subsequent trial, and the effect of such testimony. Further, if we were to assume that the hopeful belief of an attorney for a party is evidence of what a witness may testify to, still such testimony would not relate to the superior title of the defendant, as determined by the court. The decision in defendant's favor is not based on a title derived through the deed from Charles H. Upton, but on a title derived from Anna M. Upton more than twenty years prior to the alteration of the deed. These findings and conclusion of the trial court upon this point were challenged by the motion of plaintiff for amendments to the findings and for a new trial. The court declined to modify these findings or the conclusion based thereon.

It is clear the newly discovered evidence is not at all material on the issue thus determined upon the trial adversely to the defendant.

The suggestion is made that a reformation of the deed should have been ordered, and that, if ordered, the evidence of Lambrecht might become material, either as directly showing a connection of the defendant Mabel B. Merriman with the alteration of the deed, or as impeaching the testimony of the defendant Harry Merriman. This suggestion is without force, for the reason that the defendant accepts the findings as made, and is not asking for a reformation of the deed, and the testimony of the defendant Harry Merriman is already directly impeached by the findings as made. The proffered evidence would not sustain any claim of the plaintiff decided adversely to her on the first trial. Newly discovered evidence that will war-

rant the granting of a new trial must appear to be material, and of such nature and importance that, in connection with the evidence already introduced, it will be likely to affect the result on the re-trial. The evidence upon which the motion was based in this case falls far short of this requirement.

Great latitude is given the trial court in determining whether the proffered new evidence comes within the rule. That question is properly directed primarily to the discretion of the trial judge. He, having heard the evidence on the first trial, is in a position to determine the materiality and importance of the new evidence. But the discretion of the trial judge extends to applying the established principle to the evidence offered, and not in changing the applicable principle by dispensing with a showing of newly discovered material evidence.

In this case the claimed newly discovered evidence is not material on the question made decisive by the court on the trial of the case. It confirms the findings of fact made by the trial court on other questions. The claimed conflict with a finding of the trial court arises only as a pure matter of speculation in the mind of one person as to what another may testify to. The showing made of newly discovered evidence did not warrant the granting of a new trial. It is not necessary to consider the question raised by the appellant that the moving papers are insufficient, because it is not made to appear that the plaintiff did not know of this evidence prior to the former trial, and could not have discovered the same by the use of due diligence.

Counsel for the plaintiff urges that, even though the order for a new trial is not sustainable on the ground assigned, still plaintiff was entitled to a new trial as a matter of right on the other grounds stated in her motion, and that therefore the order granting a new trial should be sustained on such other grounds. The plaintiff, having no other opportunity to assert that a new trial was in law necessary on the other stated grounds, must be heard to assert such claim on the defendant's appeal from the order granting a new trial. Thus, if the record, as returned, shows the plaintiff was entitled to a new trial on the other stated grounds, not merely within the discretionary power of the trial court, but as a matter of right, so that it would

have been error for the trial court to have refused a new trial on such grounds, then this court will not reverse the order granting a new trial.

The claim is made that the evidence does not sustain the finding of the trial court that the instrument purporting to be a deed from Charles H. Upton to Mabel B. Merriman was delivered to the grantee. As already suggested, the title of the defendant, as found by the trial court, is not based on this deed. Hence the finding complained of is not necessary to sustain the conclusion reached by the trial court. However, the finding is sustained by the evidence.

Two witnesses testified that Charles H. Upton handed the deed in question to the grantee, Mabel B. Merriman, and that she retained it while she read it. It was thus shown to have been in the possession of the grantee. Whether the grantor parted thereby with his dominion over the deed, and made a delivery thereof to the grantee, depends upon the then intention of the grantor. If the circumstances, as shown by the evidence, indicate the grantor's intention to make a present conveyance of the property, and to put the deed within the control of the grantee, then the trial court was warranted in finding therefrom that the deed was delivered. The statements and conduct of the grantor prior to and at the time of the claimed delivery of the deed tend to show that it was the grantor's purpose to make a present transfer of the property, that the deed was prepared to effect such transfer, and that the grantor, believing that a delivery of the deed was necessary to make it effectual, went to the grantee and handed her the deed, to carry out his definite purpose to thereby deliver it to her. The facts that the deed was thereafter returned to the grantor, and retained by him for safe-keeping, and that it was not recorded until after the grantor's death, do not conclusively show that the deed was not delivered. These are evidentiary facts, to be considered in connection with all the other circumstances.

The further claim is made by the plaintiff that she was entitled to a new trial because the conclusion of the trial court that Charles H. Upton held in his own right only a life estate in the premises involved, and held the remainder of the fee in trust for the five

children of himself and Anna M. Upton, is not sustained by evidence and is contrary to law.

The rule is that a life tenant, in possession of property subject to mortgage, must keep down the interest accruing on such mortgage, and if he purchases an incumbrance upon or adverse title to the estate he will be regarded as having made the purchase for the joint benefit of himself and the remainderman, on condition that the latter contribute his share of the sum paid. In this case Charles H. Upton held the life estate in the premises. Under the general rule his purchase of the title derived through a foreclosure of the mortgage on the premises is deemed to have been made for the joint benefit of himself and the owners of the remainder of the, fee. The particular facts in this case emphasize the duty of the life tenant not to impair, by his acts, the estate in remainder. The owners of the remainder were the children of the life tenant. It had been the understanding in the Upton family that the premises should, after the death of the parents, go to the daughter. Mabel. It appears that that understanding existed when the parents placed. on the premises the mortgage afterwards foreclosed. The circumstances of the foreclosure, together with the subsequent circumstances of the execution by Charles H. Upton of the deed, indicate that in intention as well as in legal effect Charles H. Upton acquired title under the mortgage for the joint benefit of himself and his daughter Mabel, the defendant.

The question of contribution by the defendant or other owners of the estate in remainder was not involved by the pleadings, and no findings thereon are made by the trial court. The evidence does not conclusively or clearly show that the estate of the defendant in the property was lost through a refusal or failure to make contribution, nor does it clearly or conclusively show that a claim for contribution or a lien therefor on the premises existed in favor of Charles H. Upton at the time of his death. In this state of the findings and evidence, we cannot sustain the claim of the plaintiff that the conclusion of the trial court is contrary to law, because the plaintiff had at least a lien on the premises for some amount, which the owners of the remainder were bound to contribute because of the

payment of the mortgage by the life tenant. To sustain such claim, of the plaintiff would involve the making by this court of a finding, in plaintiff's favor upon conflicting evidence.

It is further urged by the plaintiff that the court erred upon the trial in admitting the testimony of sons of Charles H. Upton as to conversations with their father during his lifetime. Prior to the trial of the case each of these witnesses had conveyed all his interest in the premises here involved to the defendant Mabel B. Merriman. They were not parties to the action, and it is not contended that at the time of the trial they had any interest in the event thereof. Incompetency of these witnesses to testify to conversations with Charles H. Upton is not shown by the record.

In view of the conclusion reached by the trial court that Charles H. Upton had in his own right only a life estate in the premises involved, the claim of the plaintiff that she was deprived of an interest in the property through a fraudulent transfer is without merit.

We conclude that the order for a new trial was improperly granted on the assigned ground, and that plaintiff is not shown by the record to have been entitled to a new trial as a matter of right on any of the grounds stated in her motion.

The order granting a new trial is reversed.