## BRUCE v. STATE OF INDIANA.

[No. 24,908.   Filed October 26, 1927.]

1. CRIMINAL LAW.—*Method of presenting for review court's failure to notify prosecutor of time of trial.*—The failure of the trial court to notify the prosecuting attorney of the time of the trial could not be presented for review on appeal by a specification in the motion for a new trial assigning it as "error of law occurring at the trial," as such error could only be presented under the first cause enumerated in the statute (§2325 Burns 1926), namely, "irregularities in the proceedings of the court."   p. 493.

2. CRIMINAL LAW.—Supreme Court takes judicial notice of the prosecuting attorneys throughout the state.   p. 493.

3. CRIMINAL LAW.—*Prosecution of trial on change of venue by prosecutor where cause originated not irregularity of "court or jury" within the statute as to new trial.*—That the prosecuting attorney of the county in which a criminal prosecution originated conducted the trial in the county to which it was sent on a change of venue (in another judicial circuit) did not constitute irregularities in the proceedings of the "court or jury," which is the first cause for a new trial enumerated in the statute (§2325 Burns 1926).   p. 493.

4. CRIMINAL LAW.—*Failure of prosecutor where cause originated to give new bond and again take oath of office before prosecuting defendant in another circuit harmless error, if any.*—The failure of the court trying a cause on a change of venue to require the prosecuting attorney of the county. where the cause originated to qualify by again taking the oath of office and to furnish another bond before

conducting the trial of the defendant (in another circuit) was a harmless irregularity, if any.  p. 493.

5.　CRIMINAL LAW.—*Statutes penalizing usurpation of office and performing duties without qualifying do not affect legality of criminal proceedings in which offending officers participated.*—The sections of the statute making it a misdemeanor for any one to officiate in any place of authority without being legally authorized (§2613 Burns 1926) and to perform the duties of any office without qualifying (§2625 Burns 1926) do not affect the legality of the proceedings of a criminal trial which was conducted on behalf of the state by attorneys who had not qualified.  p. 493.

6.　CRIMINAL LAW.—*Offer to prove made after court has sustained objection to question presents no question for review.*—An offer to prove made after the court has sustained an objection to a question comes too late as there is no question before the court to which the offer to prove might be addressed, and presents no question for review on appeal.  p. 494.

7.　HOMICIDE.—*Offer to prove not responsive to questions asked witness.*—On a trial for murder, an offer to prove that it had been reported to the witness that the deceased had been in several "scrapes" and was a bad sort of fellow, and that witness had advised the defendant to "look out" for the deceased, was not responsive to a direction to the witness to "state whether or not anything was said by your brother or by you or any one else about" the deceased.  p. 495.

8.　CRIMINAL LAW.—*Misconduct of prosecuting attorney not presented for review on appeal.*—Alleged errors of the court in failing to restrain the prosecuting attorney in his improper conduct and improper remarks to the court and to the defendant in the presence of the jury were not presented for review on appeal where appellant failed to point out where the proceedings objected to could be found in the record and whether the objectionable conduct and remarks had been brought into the record by a special bill of exceptions.  p. 496.

9.　CRIMINAL LAW.—*Instruction properly refused.*—Where all portions of an instruction requested by defendant were covered by the instructions given except a sentence which erroneously assumed that conviction would rest on circumstantial evidence, the instruction was properly refused.  p. 496.

10.　CRIMINAL LAW.—*Appellant's brief must recite affidavits and counter-affidavits when misconduct of prosecutor and bailiff are grounds for new trial.*—Where the state filed counter-affidavits denying the charges of improper conduct of the prosecuting attorney and the jury bailiff, on which defendant sought a new trial, appellant's brief on appeal must recite the affidavits, or the substance of them, in order to present that cause for a new trial on appeal (Supreme Court Rule 22).  p. 496.

11. CRIMINAL LAW.—*Denial of new trial for misconduct of officers of the court is conclusive on appeal where counter-affidavits controverted all the charges.*—Where counter-affidavits fully controverted the charges of misconduct of the prosecuting attorney and jury bailiff which were specified as one of the grounds for a new trial, the decision of the court denying a new trial is conclusive on appeal. p. 496.

12. CRIMINAL LAW.—*New trial not granted for newly-discovered evidence which is merely cumulative.*—As a general rule, a new trial will not be granted because of newly-discovered evidence which is merely cumulative and corroborative. p. 497.

13. CRIMINAL LAW.—*Defendant has burden of showing diligence in discovering new evidence before trial.*—The statute authorizes the granting of a new trial for newly-discovered evidence only when the defendant "could not, with reasonable diligence, have discovered and produced the evidence at the trial" (cl. 8, §2325 Burns 1926), and the defendant has the burden of showing, by affidavits in support of his motion for a new trial, that he used diligence to discover such evidence before the trial, as it will not be presumed that he did. p. 498.

14. CRIMINAL LAW.—Granting a new trial for newly-discovered evidence is within the sound judicial discretion of the trial court. p. 498.

15. CRIMINAL LAW.—Newly-discovered evidence, to justify the granting of a new trial, must be so convincing to the trial court that, if given on a retrial, a verdict of acquittal would result. p. 499.

16. CRIMINAL LAW.—*Newly-discovered evidence held insufficient to require reversal of judgment of conviction of murder in second degree.*— On appeal from a conviction of murder in the second degree, newly-discovered evidence corroborative of the defendant's testimony that the murdered man fired the first and second shots and that appellant fired the fatal shot while running away from his victim, would not be so preponderating as to leave a reasonable doubt of appellant's guilt. p. 499.

17. CRIMINAL LAW.—*Supreme Court will not reverse trial judge's decision as to materiality of newly-discovered evidence except for abuse of discretion.*—The Supreme Court will not reverse the decision of the trial judge on the question of the materiality of newly-discovered evidence except for an abuse of legal discretion in making such decision. p. 500.

18. HOMICIDE.—Evidence *held* to sustain conviction for murder in the second degree. p. 500.

19. CRIMINAL LAW.—*Blanket objection to all instructions given raises no question.*—A "blanket" objection to all the instructions given by the court, without pointing out any particular instruction, or specifying the objections to any instruction, does not present any question as to said instructions. p. 501.

From Porter Circuit Court; *H. H. Loring,* Judge.

Robert Bruce was convicted of murder in the second degree, and he appeals.   *Affirmed.*

*Ira C. Tilton,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Edward J. Lennon, Jr.,* Deputy Attorney-General and *U. S. Lesh,* for the State.

Travis, C. J.—This is a criminal appeal from a judgment by the Porter Circuit Court of life imprisonment, which followed the verdict that appellant was guilty of the crime of murder in the second degree, as alleged by an indictment in one count returned by the grand jury of Lake county, from which county the venue of this action was changed to Porter county upon motion by the appellant.   Appellant's motion for a new trial was overruled, which action by the trial court is the only error alleged upon appeal.   The motion for a new trial was based upon the following causes:   (1)   That the trial court did not notify the prosecuting attorney of Porter county that said cause was set for trial or of the trial thereof, and that the prosecuting attorney of Porter county made no appearance of record in the cause; (2) that the court did not require the attorneys who prosecuted the cause to qualify to legally represent the state in the trial; (3) that the court overruled appellant's offer to prove what witness would testify if permitted to answer a question to which an objection had been made and sustained; (4)   improper remarks and improper conduct by the prosecuting attorney before the court and jury; (5) that the court refused to give an instruction which concerned the defense of self-defense; (6) misconduct by members of the trial jury, and by the jury bailiff; (7) newly-discovered evidence; (8) and that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

Appellant does not state in his briefs that the record for the appeal discloses that he made any request of the court or objection, either before the trial, or at

1. the beginning or during the trial, concerning any failure of the trial court to notify the prosecuting attorney "of Porter county"—the sixty-seventh judicial circuit—of the time of the trial of the cause. This reason for a new trial is not based upon the seventh cause of the section of the statute (§2325 Burns 1926): "Error of law occurring at the trial," because such a challenge was not made—either before or during the trial—which the court might rule upon. If appellant's cause for a new trial is within the law, it would properly be considered under so much of the first cause set forth by the statute, which is for "Irregularities in the proceedings of the court."

The court takes judicial notice of the prosecuting attorneys throughout the state. The record discloses that the prosecuting attorney of the thirty-first

2, 3. judicial circuit, the judicial circuit from whence the cause came on change of venue, followed the cause, and that he conducted the prosecution of appellant, and the trial of the cause on behalf of the state. Appellant does not claim that any irregularity in the proceedings of the court or jury occurred because the prosecuting attorney of the thirty-first judicial circuit, and not the prosecuting attorney of the sixty-seventh judicial circuit, prosecuted the cause. No error is shown by the court or jury under this, the first cause for a new trial.

The record does not present any action by the court concerning the second cause for a new trial. The fact that the trial court did not require the prosecuting

4, 5. attorney of the thirty-first judicial circuit to again take the oath and furnish another bond, was not questioned until the matter was presented by the

motion for a new trial. Neither the record nor the briefs disclose that appellant was harmed by the alleged irregularity—if it be an irregularity—of the failure of the prosecuting attorney, who followed the cause from the judicial circuit which he officially represented to the judicial circuit in which the cause was tried, to qualify in the new jurisdiction. Under the second cause for a new trial, appellant complains because the attorney who assisted the prosecuting attorney who tried the cause, acted without qualifying, and bases alleged error upon §§2613 and 2625 Burns 1926. These laws do not affect the legality of the proceedings of a criminal trial, which was conducted on behalf of the state by attorneys who had not qualified. The laws cited affect the persons so offending, and not the proceedings.

The alleged error, based upon the action of the court overruling an offer to prove in response to the question to the witness, is not well taken. The rule in 6. Indiana, concerning the efficacy of an offer to prove what the witness will testify if permitted to answer, which follows an exception to the ruling of the court sustaining an objection to the question, presents nothing to the court for action. The objection to the question propounded to the witness having been sustained, removes the propounded question from further attack or consideration; it is no longer before the court. At this juncture, no question propounded to the witness was before the court to which the offer to prove might be addressed. The rule which applies to appellant's dilemma here is so well stated by this court in former opinions of this court that further reasoning will not be attempted. *Chicago, etc., R. Co.* v. *Linn* (1902), 30 Ind. App. 88, 92, 65 N. E. 552; *Shenkenberger* v. *State* (1900), 154 Ind. 630, 634, 57 N. E. 519; *Gunder* v. *Tibbits, Admr.* (1899), 153 Ind. 591, 607, 55 N. E. 762; Elliott, Evidence §887.

Notwithstanding the record that the offer to prove in response to a question was untimely made, appellant's offer to prove in answer to the supposed question,

7. was not responsive to the question, as disclosed by the record, to wit: "Q. You may state whether or not anything was said by your brother or by you or anyone else about Turner (the name of the person appellant is accused of murdering) before this shooting took place?" "Mr. Kinder: This is objected to because it will be self-serving." "The Court: Sustain the objection." "Mr. Tilton: What I want to prove by this witness is that it had been reported to this witness that Turner had been in several scrapes and that he and some others had taken checks away from people down at the station and was a very bad sort of a fellow, and that she, together with her mother, advised Bruce that they had better look out for him, and that he had better carry his gun with him." "The Court: Offer refused and exception. To which ruling of the court the defendant at the time then and there duly excepts." "The Court: That is in the nature of an offer to prove." "Mr. Tilton: That is in the nature of an offer to prove. That is all."

The purported offer to prove seeks to disclose what had been reported to the witness, Virlie Bruce, not to the defendant. It was not intended by the question propounded to elicit testimony that any "scrapes" the murdered man had been in, and that he was a bad sort of a fellow, had been communicated to appellant before the murder. Upon the merits, the court is of the opinion that had the offer to prove been timely made, the objection to the question was properly sustained. *McKee* v. *State* (1926), 198 Ind. 590, 597 (4), 154 N. E. 372.

By the fifth cause for a new trial, appellant predicates error upon the alleged "failure to restrain the prosecuting

attorney in his improper conduct and improper
8.   remarks to the court and to the defendant in the
presence of the jury," etc.   In his proposition of
law in relation to this alleged error, no mention is made
or reference given where the proceedings in the trial may
be found in special bill of exception (*Barksdale* v. *State*
[1919], 189 Ind. 170, 125 N. E. 515), if such alleged error
is presented by a bill of exceptions, or of what the ob-
jectionable conduct and remarks consist.   The alleged
error is not presented.

The instruction requested by appellant and refused by
the court concerned, as stated by counsel for appellant,
self-defense; but, upon the face of the instruction,
9.   it concerns circumstantial evidence only.   Coun-
sel for appellee points to the following sentence in
the instruction, to wit:   "Before you can arrive at a
verdict in this case, it will be necessary for you to deter-
mine the defendant's guilt or innocence upon circum-
stantial evidence," and say it is erroneous.   Nearly all
the evidence in the trial of the case was direct.   Appel-
lant admitted he shot and killed decedent.   Other wit-
nesses testified, that after first having met decedent, ap-
pellant said that he was going back to kill him.   Ap-
pellant did return and shoot and kill decedent.   The
question of guilt did not depend upon circumstantial
evidence.   The court of its own motion gave instruc-
tions which covered all the ground of the refused in-
struction, except the sentence quoted.   The court is of
the opinion that the requested instruction was properly
refused.

Appellant's brief says that the improper remarks and
improper conduct by the jury bailiff and the prosecuting
attorney, alleged as causes for a new trial, are
10, 11. supported by affidavits, and that counter-
affidavits were filed on behalf of the state.   This
cause for a new trial is not presented for consideration

on appeal, for the reason that the brief does not recite
the affidavits, or attempt to give the substance of them.
Rule 22, Supreme Court. Consideration of the affidavits
in the record of the appeal discloses that the counter-
affidavits controverted every material fact stated in the
affidavits filed by appellant in support of his motion for
a new trial. The opposing affidavits presented an issue
of fact, which the trial court considered, and gave its
decision in favor of appellee, by overruling the motion.
The court's action on the motion and the affidavits in
support of it and counter-affidavits will not be disturbed
on appeal, where it is shown that the counter-affidavits
fully controvert the affidavits in support of the motion.
*Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097.

In support of his motion for a new trial because of
newly-discovered evidence, appellant files one affidavit,
that of the newly-discovered prospective witness.

12. The legal force of this affidavit is limited solely to
facts known to the affiant in relation to the action
of the tragedy. Upon consideration of the affidavit
with the evidence in the bill of exceptions, which is the
testimony of appellant, the newly-discovered evidence
is merely cumulative and corroborative of the testimony
of appellant. It is the general rule, that a new trial will
not be granted because of newly-discovered evidence
which is merely cumulative and corroborative. 2 Bishop
New Criminal Procedure §1279; *Tow* v. *State* (1926),
198 Ind. 253, 151 N. E. 697; *Rosenberg* v. *State* (1922),
192 Ind. 485, 490-495, 134 N. E. 856; *Thain* v. *State*
(1914), 182 Ind. 345, 349, 106 N. E. 690; *Williams* v.
*State* (1908), 170 Ind. 630, 85 N. E. 113; *Donahue* v.
*State* (1905), 165 Ind. 148, 159, 74 N. E. 996; *Rinkard* v.
*State* (1901), 157 Ind. 534, 540, 541, 62 N. E. 14; *Smith*
v. *State* (1896), 143 Ind. 685, 688, 42 N. E. 913; *Meurer*
v. *State* (1891), 129 Ind. 587, 588, 29 N. E. 392; *Pennsyl-*

*vania Company* v. *Nations* (1887), 111 Ind. 203, 205, 12 N. E. 309; *Sutherlin* v. *State* (1886), 108 Ind. 389, 391, 9 N. E. 298; *Skaggs* v. *State* (1886), 108 Ind. 53, 59, 8 N. E. 695; *DeHart* v. *Aper* (1886), 107 Ind. 460, 8 N. E. 275; *Marshall* v. *Mathers* (1885), 103 Ind. 458, 461, 3 N. E. 120; *Hines* v. *Driver* (1885), 100 Ind. 315, 325; *Hamm* v. *Romine* (1884), 98 Ind. 77, 82, 83; *Dodds* v. *Vannoy, Admr.* (1877), 61 Ind. 89, 93; *Simpson* v. *Wilson, Admr.* (1855), 6 Ind. 474.

It is also a rule of specific application, which is recognized by statute (§2325, cl. 8, Burns 1926), that the party aggrieved must show that such newly-13. discovered evidence was material, and that he could not, with reasonable diligence, have discovered and produced such evidence at the trial. For aught that is disclosed by bills of exceptions, both appellant and the lawyer who defended him knew of the witness, and what he knew of the facts about the tragedy, and whether or not he could be procured to testify at the trial. Neither appellant nor his lawyer offers affidavits or other evidence to show diligence. The court cannot presume such diligence in behalf of appellant; that is his burden, to overcome the presumption against him. The trial court, ruled right upon this cause for a new trial, if for no other reason than a lack of reasonable diligence by appellant. *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779; *Zimmerman* v. *Weigel* (1902), 158 Ind. 370, 372, 373, 63 N. E. 566; *Test* v. *Larsh* (1885), 100 Ind. 562; *Hines* v. *Driver, supra; McCauley* v. *Murdock* (1884), 97 Ind. 229, 235; *Presser* v. *State* (1881), 77 Ind. 274.

Granting a new trial on the ground of newly-discovered evidence is within the sound judicial discretion of the trial court. Blackford, J., in *Coe* v. *Givan* (1825), 14. 1 Blackf. (Ind.) 366, says: "The motion for a new trial was founded upon an affidavit of newly-

discovered evidence. What diligence was previously used by the plaintiff to obtain his proof does not appear. In listening to such applications, courts of justice have always been extremely cautious, and have uniformly overruled them, where, upon using due diligence, the evidence might have been discovered before. 6 Bac. 672. Much is necessarily left to the discretion of the courts below in motions for new trials, and it requires a case much stronger than the present, to induce us to interfere with them in questions of this kind." *Commonwealth* v. *Devereaux* (1926), 257 Mass. 391, 153 N. E. 881; *Commonwealth* v. *Sacco* (1926), 255 Mass. 369, 151 N. E. 839, 861; *Commonwealth* v. *Gettigan* (1925), 252 Mass. 450, 148 N. E. 113; *Moriarity, Rec.,* v. *Hickam* (1920), 73 Ind. App. 329, 127 N. E. 459.

Newly-discovered evidence, to warrant granting a new trial, in the legal discretion of the trial court, must be so convincing, that it is probable, that if given in evidence upon a retrial of the cause, a verdict of acquital would result. The newly-discovered evidence is that Turner, the murdered man, fired the first and second shots, and at the appellant; that then appellant fired one shot while running away from Turner, which shot hit and killed him. This evidence, cumulative and corroborative of that given by appellant, is not so preponderating that it leaves a reasonable doubt of appellant's guilt of murder in the second degree. *Evans* v. *State* (1927), *ante* 55, 155 N. E. 203; *Gavalis* v. *State* (1922), 192 Ind. 42, 49, 135 N. E. 147; *Rosenberg* v. *State, supra; People* v. *Wright* (1919), 287 Ill. 580, 123 N. E. 64; *Donahue* v. *State, supra; Rinkhard* v. *State, supra; Cooper* v. *State* (1889), 120 Ind. 377, 383, 22 N. E. 320; *Hines* v. *Driver, supra; Southard* v. *Russell* (1853), 57 U. S. (16 How.) 546,* 569.

To a very great extent, the questions of probabilities and reasonable doubts, in acting upon consideration of

newly-discovered evidence as to its having force, through its materiality, to change the result upon retrial, is within the province of the trial court. The trial judge is better minded, having seen and heard all evidence given, to rule whether or not it is probable that a different result will be reached on a retrial; and also, whether the right result was reached by the verdict. The court of appeal ought not to reverse the judgment upon the question of materiality of newly-discovered evidence, except for an abuse of legal discretion by the trial court. *Upton* v. *Merriman* (1911), 116 Minn. 358, 133 N. W. 977, Ann. Cas. 1913B 491.

The court is of the opinion that the verdict is sustained by sufficient evidence. Appellant, as a witness in his own behalf, testified that he shot and killed deceased as named, and at the time and place alleged in the indictment. Other competent evidence which sustains the verdict is, that appellant, after an altercation with Turner, the man he afterward killed, returned to the place where Turner was unloading furniture from his truck, got out of his own truck, ran to the corner of a building and shot Turner; one witness testified that appellant fired but one shot, and that but one shot was fired; and another witness, that appellant fired two shots, one of which hit Turner. The trial court did not commit error by overruling the motion for a new trial because the evidence was not sufficient to sustain the verdict.

Appellant predicates error upon the action of the court overruling his motion for a new trial under specified cause twenty, to wit: "Error of law occurring at the trial in this, to wit: That the court erred in giving, on his own motion, instructions one to twenty-eight, both inclusive, over the objections of the defendant made at the time."

The brief on behalf of appellant does not disclose what

specific objection was made to the instructions given by the court. But if objection had been made on behalf of appellant, which was overruled by the court, and exception saved, a blanket objection such as this, without pointing any particular instruction does not answer the rule of practice on appeal, to present any error. *Meno* v. *State* (1917), 186 Ind. 4, 8, 114 N. E. 689; *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 219, 97 N. E. 790; *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 252, 80 N. E. 538.

The action of the court, overruling the motion for a new trial, was not erroneous; from which it follows that the verdict was not contrary to law.

Judgment affirmed.